### STILLMAN and others *vs.* SQUIRE.

In replevin in the *detinet* no demand of the property before suit brought is necessary, where the taking was unlawful.

In a suit against a sheriff for the tortious acts of his deputy, the defendant need not be described *as sheriff.*

REPLEVIN, in the *detinet;* plea *non detinet.*

The cause was tried at the St. Lawrence circuit, before WILLARD, C. Judge.

Prior to the 25th day of November, 1842, one Hallenback, a merchant residing at Hermon, in the county of St. Lawrence, purchased a quantity of groceries of the plaintiffs on credit; and on that day they were levied upon by Babcock, a deputy of the defendant, who was then sheriff of that county, *at the* store of Hallenback, in Hermon, by virtue of an execution from this court in favor of Weeks & Herrick, against Hallenback. Before the sale on the execution the goods were delivered to the plaintiffs, by a coroner, by virtue of the writ of replevin in this cause. The defendant was not named *as sheriff* in the writ or declaration.

The plaintiffs gave evidence tending to shew that at the time Hallenback purchased the goods of the plaintiffs, he represented himself as unembarrassed, when in fact he had a few days before confessed the judgment in favor of Weeks & Herrick, which was for a large amount, and had consented that execution might issue immediately; and they insisted that the sale

having been procured by fraud, no property passed to Hal·lenback.

After the plaintiffs had rested, the defendant moved for a nonsuit, and that the jury might be instructed to assess his damages, insisting, (1) That the declaration was in the *detinet*, and that the action could not be sustained without proof of a demand of the goods before suit brought; (2) That the defendant had not, when the goods were replevied, or at any time, any possession of the property, and that he could not be made chargeable for the acts of his deputy in a case where his official character was not stated in the declaration.

The circuit judge nonsuited the plaintiffs, and the jury under his direction assessed the defendant's damages at an amount equal to the value of the goods and the interest, and the plaintiffs excepted.

The plaintiffs moved to set aside the verdict on a bill of exceptions.

*C. P. Kirkland,* for the plaintiffs, cited *Ash* v. *Putnam*, (1 *Hill,* 302.)

*James Edwards,* for the defendant, insisted that where the action is in the *detinet*, the tortious taking is waived, and to make the defendant a wrongdoer there must be a demand and refusal.

In this case, he contended, the defendant is sued as an individual, and not in his official character, and in such a case he cannot be made liable for the acts of his deputy. He did not personally take the goods. They were never in his possession, and when replevied were taken from the possession of another. If it was intended to impute the acts of the deputy to him he should have been sued as sheriff.

PER CURIAM. We are not referred to any case holding it to be necessary in a suit against a sheriff for the acts of his deputy to describe him as sheriff, and we see no reason why it should be so held. The object of the suit is to establish a personal and

not an official liability, and the judgment, if one should be obtained, must be satisfied out of the defendant's individual property. The suit would not abate by his removal or the expiration of his term of office; and it could have been brought after he had ceased to be sheriff, as well as before. When in cases like this his name of office is added, it is merely *descriptio personæ.*

A demand and refusal is not necessary to be proved where the taking was wrongful. (*Cummings* v. *Vorce,* 3 *Hill,* 282; *Pierce* v. *Van Dyke,* 6 *id.* 613.) The act of the deputy in seizing the property was in judgment of law the act of the defendant, and his possession was the defendant's possession. We think the circuit judge erred in nonsuiting the plaintiffs, and the nonsuit must be set aside.

New trial granted.