## ISAAC MOSES *v.* GIDEON L. WALKER.

In an action by a mortgagee of chattels to recover the value of a part of the mortgaged property, wrongfully taken from the possession of the mortgagor, it is not necessary to allege in the complaint that the mortgage was duly filed in the county where the property was situated.

The provisions of the Revised Statutes respecting the filing of chattel mortgages, are for the protection of the creditors of the mortgagor, and purchasers in good faith, and not for the benefit of wrongdoers.

In an action to recover for the wrongful taking of property, it is not necessary to allege in the complaint, or prove at the trial, that a demand of it was made before suit brought.

The demand for relief, attached to a complaint, affords no ground for a demurrer.

AT SPECIAL TERM, *November* 2, 1858.

Demurrer to a complaint. The nature of the action and the character of the pleadings sufficiently appear in the opinion.

*Malcolm Campbell,* for the plaintiff.

*Gideon L. Walker,* defendant, in person.

HILTON, J.—The plaintiff alleges in his complaint, that he is mortgagee of certain household furniture in 25th street in this city, by virtue of a chattel mortgage executed, and on May 13th, 1858, duly filed in the register's office; that the amount secured by the mortgage is due and unpaid, and he is entitled to the possession of the property described in it; that part of such property the defendant wrongfully took from the possession of the mortgagor while it was in his custody, and "has refused and still refuses to deliver the same or any part thereof" to the plaintiff's damage, &c.

To a complaint containing substantially these averments, the defendant demurs: 1st. That it does not state facts sufficient to constitute a cause of action; and 2d. That several causes of action have been improperly united.

Upon the argument it was insisted, under the first ground of demurrer, that the complaint was defective in not showing that the mortgage was filed in the county where the`mortgagor resided at the time of its execution, (2 R. S. 136, § 9), and in not alleging a demand and refusal before suit brought.

The answer to this argument is, that the provisions of the Revised Statutes are not intended for the benefit of parties acquiring property wrongfully, and to which they have no claim or right; but to protect creditors of the mortgagor and subsequent purchasers, or mortgagees in good faith,—as to whom the mortgage is declared to be void unless filed in the manner prescribed. *Meech* v. *Patchin*, 4 Kernan, 71.

As to the other objection, there is no force whatever in it. The defendant, by his demurrer, admits that he wrongfully took this property from the mortgagor's possession : that the plaintiff is the owner of it by virtue of the chattel mortgage given to him, now due and unpaid ; and that he, the defendant, has refused, and "still refuses" to deliver it, to the plaintiff's damage, &c. In a case of this character, if a demand was necessary before suit brought, these allegations would seem to be sufficient to entitle the plaintiff to maintain his action. But it is well settled that, in an action against a wrongdoer for a wrongful taking of property, no demand need be proved, and therefore it was unnecessary here to allege it. *Pringle* v. *Phillips*, 5 Sand. S. C. 157 ; *Zachrisson* v. *Ahman*, 2 Sand. S. C. 68 ; *Stillman* v. *Squire*, 1 Denio, 327.

To maintain the second ground of demurrer, the defendant rests entirely upon the prayer of the complaint, and claims that it shows two causes of action to have been improperly united. The answer to this view is, that the complaint shows but a single cause of action, and the plaintiff has added to it a demand of the relief to which he supposes himself entitled, (Code, § 142, sub. 3), and although he has asked for much more than the law would award him, yet that cannot affect the defendant, nor afford him a ground for demurrer. *Andrews* v. *Schaffer*, 12 How. Pr. R. 441. It shows neither a right in the plaintiff nor a wrong on

the part of the defendant, and does not add to or alter the cause of action stated in the complaint. Its general effect is to limit the plaintiff in the relief which can be awarded him if there should be no answer. Code, § 276 ; *Marquat* v. *Marquat*, 2 Kernan, 336. His rights are in no way enlarged by it, and it works no prejudice or injury to the defendant.

Judgment for plaintiff on the demurrer, with costs.