PETER MASTEN AND WILLIAM M. HAYES, APPELLANTS, *v.* WILLIAM B. WEBB, AS SHERIFF, ETC., RESPONDENT

*Action for conversion — when no previous demand is required.*

Where a sheriff has levied, under an execution, upon property belonging to a person other than the judgment debtor, which property formerly belonged to, and had been sold under an execution against said judgment debtor, and is at the time of the levy in the possession of the judgment debtor, holding it as a servant of its owner, an action for its conversion lies by the owner against the sheriff without any previous demand made.

APPEAL from an order granting a new trial, made upon the minutes of the justice before whom the action was tried.

The plaintiffs, composing the firm of Masten & Hayes, obtained a judgment against one C. J. Townsend, January 12, 1877, for $6,621.89. On this judgment the sheriff of Ulster county sold, among other things, the stock of Townsend's store and certain household furniture belonging to him. The plaintiffs claimed that after the sale, being desirous of disposing of the stock to the best advantage, they agreed with Townsend that he, Townsend, should take charge of and carry on the business for them; they were to give him fifty dollars per month and the use of the furniture they had bought at his house for his services. While Townsend was in plaintiffs' employ under this arrangement, and on April 13, 1878, the deputy sheriff levied, under another execution against Townsend, on the household furniture which had theretofore been bought by Masten & Hayes under their execution, and which Townsend was using at his house, under the understanding made after the sale.

The plaintiffs brought an action of replevin and recovered a verdict at the Ulster Circuit in November, 1878. Upon appeal a new trial was granted at General Term for error in the charge. (19 Hun, 172.) At January term, 1880, the plaintiffs again had a verdict, and on July 26, 1880, on a motion at Special Term, a new trial was granted on the minutes.

*J. Newton Fiero*, for the appellants.

*F. L. Westbrook*, for the respondent.

PER CURIAM:

The defendant moved for a new trial on two grounds: •

*First.* That as Townsend was in possession the plaintiff could not maintain the action. On this ground the learned justice properly denied the motion. Townsend was not in legal possession, but was only the clerk or servant of the plaintiffs.

*Second.* That the action could not be maintained without a demand. On this ground the learned justice granted a new trial. In this we think he was in error. The property belonged to the plaintiffs and, as the learned justice had stated on the former branch of the motion,

Townsend had no leviable interest, and was only the servant or clerk of the plaintiffs, and they were entitled to immediate possession. The defendant therefore, by his levy, took property belonging to the plaintiffs and then being in their legal possession.

*Rawley* v. *Brown* (18 Hun, 456) decided only the liability of the purchaser at a sheriff's sale, not the liability of the sheriff.

In *Williams* v. *Lowndes* (1 Hall, 579) the court held that the goods on which the sheriff neglected to levy were in fact the property of the judgment debtor, and that the assignment by the judgment debtor was fraudulent and void. Any remarks outside of that question were *obiter*.

*Shumway* v. *Rutter* (8 Pick., 443) was the case where a stranger's goods where mingled with those of the judgment debtor, so that the officer was unable to distinguish them, and it was his duty to levy on those of the debtor. In the present case, according to the finding of the jury, it was not his duty to levy on any of these goods.

We think that several cases in this State show that the sheriff who levies on goods, not the property of the judgment debtor, is a trespasser. (*Allen* v. *Crary*, 10 Wend., 349; *Chapman* v. *Andrews*, 3 id., 242; *Alvord* v. *Haynes*, 20 Sup. Ct. N. Y., 26.) And that a demand is not necessary. (*Stillman* v. *Squire*, 1 Denio, 327.)

The order granting a new trial should be reversed, with costs.

Present — LEARNED, P. J., BOARDMAN and BOOKES, JJ.

Order reversed, with costs.