JACOB LOEB, TRUSTEE, v. CHICAGO, ST. LOUIS, AND NEW
ORLEANS RAILROAD COMPANY.

DEED OF TRUST.  *Rights of tort-feasor as between grantor and trustee.  Case in judgment.*

E. executed a deed of trust on a mule belonging to himself to L. as trustee for
G. & Co. to whom E. was indebted.  The animal remained in the possession
of E. with the right in the trustee to take possession and sell upon the maturity
of the debt.  This deed of trust was duly recorded.  The debt matured and re-
mained unpaid and the animal continued in the possession of E., and while so
in his possession was run over and killed by the cars of the Chicago, St. Louis
and New Orleans Railroad Company.  The railroad company had no actual
knowledge of the existence of the trust-deed, and, being called upon by E. for
compensation, paid him the agreed value of the mule.  E. did not pay over to the
trustee or the *cestui que trust* in the deed of trust any portion of the money
collected from the railroad company and he being insolvent, the trustee
brought this suit against the railroad company to recover damages for the
killing of the mule.  There was no collusion of the railroad company with E.
*Held*, that the payment to E. was a bar to any recovery by the trustee against
the railroad company.

APPEAL from the Circuit Court of Madison County.

Hon. S. S. CALHOON, Judge.

The case is stated in the opinion of the court.  A jury was
waived, case submitted to the court below, and from a judg-
ment in favor of the defendant, the plaintiff appealed to this
court.

*R. C. Smith*, for the appellant.

Sect. 1204 of the Code has no application to this case.
That section was only intended to protect the grantor or
mortgageor in the enjoyment of his equity of redemption,
against third persons, who might sue for the mortgaged prop-
erty before the mortgage-debt was paid.  It prevents a plain-
tiff in ejectment from setting up the title outstanding in
unsatisfied mortgages and deeds of trust, to defeat the de-
fendants in possession under the mortgage or deed of trust,
after condition broken.  In a deed of trust the legal title to
the property is vested in the trustee, and the property stands
as security for the debt.  It is not in the power of the grantor
or mortgageor to defeat this title, nor can he by any sort of

action towards the trust property lessen the security which the beneficiary has on the trust estate. It is simply a monstrous proposition to say, that a suit or recovery by the mortgageor or grantor, in a deed of trust, after condition broken, for an injury or damage to the trust property will bar the trustee as beneficiary from a recovery. It is not like a case of bailments. In bailments, if the bailee lose the property, and a stranger converts it, either party may maintain suit for the conversion. And this is allowed upon the ground that the general property of the goods remains with the bailor, and the bailee has a special property in the goods, and hence either party may maintain suit for conversion or for an injury done to it. But if the bailor in such a case should recover from a stranger for injury to the bailment, this would not oust the bailee of his security in the bailment or its proceeds, nor would it bar his right of recovery. Story on Bail. 315. The mortgageor or grantor in deed of trust does not stand in any better condition towards the trust property than a bailor. He does not occupy so favorable a position, for the mortgageor or grantor in deed of trust has not even a general property in the trust-estate, like the bailor has in the bailment. He has nothing except an equity. And sect. 1204 of the Code does not in any way enlarge his rights or increase his control over the trust property.

*W. P. & J. B. Harris,* for the appellee.

The registry law has no influence in this case. That law was for the protection of creditors and purchasers. The railroad company is a trespasser or wrong-doer, by acts having no reference to the acquisition of title or interest in or claim upon the property. It could not defend itself against either party to the mortgage by reason of the want of registry. It was not constructive notice to the company; but even with notice the liability to the mortgageor in possession would be the same, unless the mortgagee should make demand of compensation in opposition to the claim of the mortgageor. A mortgageor in possession may recover in trover or trespass, for the

conversion or destruction of the property. *Parkhurst* v. *Quick*, 17 Mich. 302 ; Wright, 552. It would be no defence to the wrong-doer that there was an outstanding forfeited mortgage. Ib. and 4 Eng. 46. If the mortgageor can bring the action, it is because he has the legal right to demand redress, and consequently the wrong-doer, without defence, may make reparation to him without suit. We find in the books the doctrine repeated over and over again that in chattel mortgages after condition broken the title of the mortgagee becomes absolute at law only. 1 Ves. 278 ; 11 Mich. 177 ; 4 Kent's Com. 138. See 43 Barb. 607 ; 43 Miss. 450 ; *Carpenter* v. *Rowen*, 42 Miss. 28. But unless the right of redemption is cut off (and from this idea the doctrine must have sprung), there is practically and substantially no difference between the chattel mortgage and the mortgage of land, for the mortgagee may sue for the land as he may for the chattel, but in either case he recovers subject to the right to redeem. In both cases his action to recover possession is in the nature of a foreclosure, says C. J. Marshal. The effect of sect. 1204 of the Code is that a mortgage or deed of trust as to strangers to it, third parties, is not to transfer the legal ownership of the property, but to have the mortgageor or grantor clothed with the title until the mortgage shall be enforced by a sale. This assumes that as to third parties, forfeiture of the condition makes no difference. If they injure, destroy, or convert the property, they cannot set up the mortgage or its forfeiture as a bar to a recovery by the mortgageor of compensation. As between the mortgageor and mortgagee, the latter, after forfeiture, is the owner of the legal title for the purpose of enforcing his security. It must be assumed that the purpose of the Code was to enable the mortgageor in possession to recover the property when deprived of its possession by third parties, or compensation for its destruction or loss. So long as the mortgageor is permitted to remain in possession, third parties must respond to his demand for reparation for injuries to the property. This power, which the statutes leaves in his

hands, is not incompatible with the rights of the mortgagee. 17 Mich. 302. They are clearly deemed consistent with his right when exercised. He is held to know the law and therelations established by it between his mortgageor and third parties, and if he permits him to remain in possession after forfeiture without taking any step to enforce his mortgage, he consents that third parties shall respond to the mortgageor's demand for redress. He has *prima facie* the right to seek it. It is not in conflict with the relation he sustains to the mortgagee for him to seek it and as to third parties he has the legal ownership. See 1 Jones on Tr. 11. It would seem to follow, that where there is no collusion or fraud, the mortgagee asserting ownership ought to be required to give notice promptly, or to interpose without delay his claim ; and if, without notice of the purpose to claim, the wrong-doer makes reparation on the legal demand of the mortgageor, he stands acquitted. The conduct of the mortgageor in abstaining from action to enforce his mortgage, leaving the mortgageor in possession and clothed, as to strangers, with legal ownership, would seem to warrant us, under the Code, in holding that the demand for redress by the mortgageor is like such demand by an agent or bailee, not in conflict *per se* with the mortgagee's rights, but consistent with and in support of them, so that reparation made in good faith to the mortgageor will bar the mortgagee. There is no evidence here of fraud or collusion. It does not appear that the mortgageor is insolvent, or that there is not sufficient property remaining, covered by the mortgage, to satisfy the debt. It does not appear that he made any demand of the railroad company before they responded to the mortgageor's demand. Such are the relations created by the conjoint operation of the common law and statute that until the mortgagee takes some step in support of his mortgage, or to assert his rights, third parties are bound to treat the mortgageor in possession as the legal owner with the right to demand and receive redress for injuries to the property. The onus is on the mortgagee. It would seem

to be clear, upon this view of the case, that to a suit by the mortgagee for the destruction of a chattel mortgaged, it is good defence by the wrong-doer, under the common law and Code, that before notice of any intention of the mortgagee to claim, he made compensation to the mortgageor in possession. Let it be assumed that the right of action existed in both mortgageor and mortgagee — the right is not antagonistic. The mortgageor recovers for the benefit of the mortgagee, and if he be an honest man such will be the fruit of the recovery. If the mortgagee sue, his recovery goes to extinguish his debt for his own and the mortgageor's benefit. This being the attitude of the matter, it would seem to follow that the mortgagee must anticipate action by the mortgageor by timely intervention, if he suspects a hostile design.

CHALMERS, J., delivered the opinion of the court.

It would seem that the question presented by this record ought frequently to have arisen and have long since been settled ; but if there is a case in the English or American reports directly in point an exhaustive search on the part of ourselves and of counsel has failed to bring it to light.

One Elder executed a trust-deed on a mule belonging to him, whereby the legal title to the animal was conveyed to Lock, as trustee for Gross & Co., to whom Elder was indebted ; the trust-deed constituting a mortgage on the mule for the security of the debt. The mule remained in the possession of the owner with the right in the trustee to take possession of and sell it upon the maturity of the debt. The debt matured and remained unpaid, but the animal continued in the possession of the owner and mortgageor, and while so in his possession was run over and killed by the cars of the Chicago, St. Louis and New Orleans Railroad Company. The railroad company had no actual knowledge of the existence of the trust-deed, though it was duly recorded, and being called upon by the owner for compensation, paid him the agreed value of his animal. The owner having failed to pay over to his mortgagee

any portion of the amount received, and being personally insolvent, the trustee has brought this action for damages against the railroad company, who plead in bar the payment to the owner.

Is the plea good? There is no suggestion of any collusion with the owner on the part of the railroad company, and we think the company was not affected with constructive notice of the rights of the mortgagee by the record of the trust-deed, since our registry laws are intended only for the protection of purchasers and creditors, and in no manner affect the rights or liabilities of tort-feasors. Though the person injured may, in most instances, waive the tort and sue in *assumpsit*, the wrong-doer in fact never enters into a contract, and as he cannot claim the benefit of the registry acts, his liabilities should not be enhanced by them.

It is perfectly well settled that the mortgagee, who has actual possession or the right of possession of the thing mortgaged, may sue in tort for a conversion of or injury to it, and the rule seems to be the same as to the mortgageor under like circumstances. In either case, possession gives the right of action against the wrong-doer, who will not be allowed to set up against the possessor an outstanding title or equity in another with which he has no connection ; nor is the principle affected by the record or non-record of the mortgage. *Parkhurst* v. *Jacobs*, 17 Mich. 30 ; Wright, 552 ; 4 English (Ark.), 46 ; *Pratt* v. *Harlow*, 16 Gray, 37 ; 2 Hilt. 536 ; 30 Mo. 423 ; 8 Pick. 333 ; Jones on Chat. Mort., sects. 237–247 ; 11 Shep. 403 ; 3 Cush. 399 ; Hill. on Torts, 594, *et seq*.

It is a universal rule of law that no man shall be twice harassed for the same cause of action, and since he who has injured mortgaged property is liable to suit by him who has actual possession or the right of possession, whether the party suing be mortgageor or mortgagee, it must follow that a recovery in full for the entire injury by one will be a bar to a suit by the other. It is upon this principle that it is held that either the bailor or bailee of personal property may maintain

trover for its conversion, or an action 'for damages when it has been injured, and that a full recovery by one defeats an action by the other. 2 Kent's Com. 585 ; Story on Bail., sect. 94 ; Schouler on Bail. 65.

We regard it as a noteworthy circumstance, that while this principle as to bailment is laid down by all the text-writers, and in numberless cases where the party first suing was permitted to recover the full value of the thing bailed, upon the idea that such recovery would enure to the benefit both of bailor and bailee, the only case we have been able to find where a second suit by the other party in interest was defeated by reason of a previous adjudication as to him first suing, is the case of *Green* v. *Clarke* (12 N. Y. 343), in which a judgment against the bailor was held conclusive against the bailee in a second suit for the same cause of action.

We think the principle is decisive of the case in hand. The mortgagee here had the right of possession, but left the actual possession with the mortgageor, who, by reason of that possession could have compelled payment from the railroad company. The company had the right to do that which it could by law have been compelled to do, and having made payment in full to the mortgageor (who must be regarded as the bailee of the mortgagee), without actual knowledge of the latter's right cannot be further vexed for the same injury.

Affirmed.