THADDEUS L. MURPHY ET AL. *v.* AMERICAN SODA FOUNTAIN COMPANY.

1. CHANCERY PRACTICE. *Amendments. New parties.*

In a suit by a third party to enjoin the payment of a judgment because of an equitable right in the complainant to the sum due thereon, it is not error, upon the coming in of the answer, setting up an assignment of the cause of action before it was reduced to judgment, to allow an amendment to the bill of complaint making the assignee a party defendant; nor was it error, upon the hearing of a motion to dissolve the injunction, to consider the amendment, although the motion was made before its allowance.

2. SAME. *Evidence. Notice to assignee. Letters.*

In a suit to restrain the payment of a judgment to an alleged assignee of the claim before it was reduced to judgment, letters between the assignor and assignee and their counsel and complainant, the authenticity of which was acknowledged, and which

tended to show that the assignees of the claim prior to the assignment had knowledge of complainant's interest in the property in question, were admissible.

3. SAME. *Conditional sale. Liens. Judgment for loss of property. Equity treats as the property itself.*

Where a seller, reserving title to personal property as security for the purchase price, delivered it to a common carrier, by whom it was destroyed en route to the buyer, and it was agreed that the buyer should, for the use of the seller, sue the carrier for the loss and retain all of the recovery above the purchase money due the seller, and the buyer before recovering judgment assigned the cause of action against the carrier to third persons, equity will treat any judgment recovered thereon as standing in place of the property destroyed and enforce the seller's superior lien thereon.

FROM the chancery court of Harrison county.

HON. THADDEUS A. WOOD, Chancellor.

The American Soda Fountain Company, the appellee, was complainant in the court below; Thaddeus L. Murphy and another, doing business under the firm name of Murphy & Company, and others, appellants, were defendants there. From a decree in complainant's favor the defendants appealed to the supreme court.

The object of the suit was to restrain the Gulf & Ship Island Railroad Company from paying a judgment rendered against it in favor of Murphy & Company for the loss and destruction of a soda-water fountain which had been shipped by complainant to Murphy & Company. The decree appealed from overruled defendants' motion to dissolve the injunction.

The bill alleged that the American Soda Fountain Company, the complainant, sold Murphy & Company a soda fountain for $200, of which $5 was paid cash, and that complainant retained title to same until the deferred payments were made in full; that the fountain was delivered to the railroad at Chicago, and arrived at Lyman, Miss., where it was consigned, and it was destroyed by fire while in the depot; that afterwards Murphy & Company brought suit against the Gulf & Ship Island Rail-

road Company for the loss. After suit was brought, but before judgment, an agreement was entered into between Murphy & Company and the complainant to the effect that the suit was to be prosecuted by Murphy & Company, in their names, to judgment, and after judgment was obtained the debt of the complainant was to be paid from the proceeds, Murphy & Company to have any balance. After the bill had been filed, complainant, being advised by the answer of the original defendants that the claim had been assigned by Murphy & Company to Evon Barber and one Mize, the members of a copartnership doing business under the firm name of Barber & Mize, amended its bill, making them parties; alleging that they were not innocent purchasers for value, but had full knowledge of the rights of complainant.

*Barber & Mize,* for appellants.

The reservation of title to the soda fount in the American Soda Fountain Company did not extend so far that said American Soda Fountain Company could subject in a court of equity to the payment of said lien the proceeds of a judgment obtained in the name of Murphy & Company against the Gulf and Ship Island Railroad Company for the breakage of said fount while in transit, which fount was destroyed by fire while in the depot of the railroad company.

If the property wherein title is retained until it is fully paid for is lost or destroyed, the loss must be borne by him in whom the title is. 21 Am. & Eng. Ency. Law (1st ed.), 634.

The case of *Burnley* v. *Tufts,* 66 Miss., 48, does not conflict with this authority. That case has gone further than any case we have been able to find in favor of the vendor with title retained. In that case the fount was in the possession of the vendee and had been in use for quite a while, and after its destruction by fire he contended that he was not liable for the purchase price, but the court held that he was liable. In the case at bar Murphy & Company are liable for the price of the

fount, but they should be sued in a court of law for the remainder of the purchase price. The appellee's remedy is solely in a suit at law, because it is shown by the testimony in this cause that T. L. Murphy, one of the partners of Murphy & Company, instead of being insolvent, is wholly solvent, being the owner of personal property and of four or five hundred acres of timbered land in Jackson county, Miss.

The doctrine that, under these circumstances, the judgment in question can be subjected by the original vendor to the payment of the balance of the purchase price is preposterous.

Appellee's injunction should be dissolved for another reason. Murphy & Company, at the time they obtained the judgment against the Gulf and Ship Island Railroad Company, had no interest in said judgment, the cause of action having been assigned to Barber & Mize, under Acts 1902, p. 118, long before judgment was obtained. The cause of action was the property of Barber and Mize, and they proceeded to judgment, as the law directs, in the name of Murphy & Company. This assignment of the cause of action to Barber & Mize must prevail over the claim for the purchase price by appellee, because at the time of the assignment of said cause of action to Barber & Mize appellee had no claim against Murphy & Company which could be set off against any judgment or cause of action owned by T. L. Murphy & Company. *Cook* v. *Holly,* 70 Miss., 590.

*Harper & Harper,* on the same side.

It is fundamental that injunctions will lie only to restrain the issuance of executions based upon void judgments at law.

Courts of equal rank and dignity can never nullify the valid acts of each other directly or indirectly. An injunction will lie to restrain the issuance of an execution based upon a void judgment only because a void judgment is no judgment.

The bill nowhere alleges, the proof did not even tend to show, nor was it contended, that the judgment in question had at law was void. The circuit court of Harrison county is a court of

original, general, and constitutional jurisdiction, and of equal rank with the honorable chancery court of the same county. Unless it affirmatively appear that the circuit court did not have jurisdiction to render the aforesaid judgment, this court will indulge in the presumption that it did not act without first having acquired jurisdiction in the premises.

But the record shows in the case at bar that the circuit court had jurisdiction of the subject-matter of the controversy; that personal service was had on defendant; and that the defendant, the railroad company, had a full opportunity. to be heard. Therefore the judgment at law here involved is valid until reversed on direct appeal.

*J. I. Ballenger,* and *Gardner & Heiss,* for appellee.

Either the American Soda Fountain Company or Murphy & Company could have maintained suit against the Gulf & Ship Island Railroad Company for damages done the soda fountain, but both could not do so. *Loeb v. Chicago, etc., R. R. Co.,* 60 Miss., 933. Said decision is based upon the idea, and so states it, that a recovery by either would inure to the benefit of both parties, and that case, in our judgment, settles this one.

The bailee brought suit in this case. As bailor our clients could not interfere and prevent the suit, nor bring another suit for the same cause of action; hence our only remedy was by a bill in a court of equity, the course we have pursued. *Illinois, etc., R. R. Co.* v. *Hawkins,* 65 Miss., 200.

Counsel concedes that we had a lien on the property for the destruction of which Murphy & Company recovered judgment. There is no good reason why the appellee should not follow its lien into the judgment which is for the proceeds of the soda fountain.

Counsel for appellants contend that the injunction in this case should have been dissolved because T. L. Murphy & Company were solvent, and that appellee could have collected its debt by suit in the law courts on the contract. Such is not the

case, first, because the American Soda Fountain Company had a lien on said fountain and its proceeds, and had a right to follow said lien into this judgment as one of its remedies to collect this debt, and is not required to proceed in a court of law on the contract; for the law is that the judgment in this case in favor of Murphy & Company, bailee of the American Soda Fountain Company, inured to the benefit of both bailor and bailee. *Loeb* v. *Chicago, etc., R. R. Co.,* 60 Miss., 933. And, second, it is doubtful under the evidence in this case whether Murphy & Company are solvent or not.

Neither the solvency of Murphy & Company nor the *bona fide* purchase of Barber & Mize, if the court should believe that such are the facts, has any effect whatever in this case, and could have no effect on the rights of the American Soda Fountain Company, who, in a court of equity, is the real owner of the claim sought to be subjected, and said company is entitled to pursue it through all the devious ways disclosed. *Kinney & Co.* v. *Paine,* 68 Miss., 258.

TRULY, J., delivered the opinion of the court.

The chancellor did not err in permitting the amendment to the bill of complaint, bringing in Barber & Mize as defendants, to be made after the motion to dissolve had been filed, and in considering the amendment in connection with the original bill upon the hearing of the motion. *Alcorn* v. *Alcorn,* 76 Miss., 907 (25 South. Rep., 877). The amendment was rendered imperative by the allegation in the original answer filed by Murphy & Company. That answer set up as a defense the fact that the judgment in question was not the property of the respondents, but of third persons—Barber & Mize—to whom it was alleged the claim had been assigned before being reduced to judgment. In the interest of justice, a full development of the merits of the controversy necessitated the consideration of this amendment; otherwise, the parties originally made sole defendants having avowed their entire want of interest in the subject-matter of the

controversy, the bill of complaint would necessarily have been dismissed.

Nor was there any error in admitting the correspondence between the appellants and their counsel and co-defendants and the appellee. The authenticity of the letters was acknowledged, and their contents proved full knowledge on the part both of appellants and their assignees of the dealings and understanding between Murphy & Company and the soda fountain company— and this, too, prior to the date of their assignment. In view of this, the assignees of the claim cannot successfully maintain that they were *bona fide* purchasers for value, and without notice.

The amended bill of complaint states a good cause of action, and the proof adduced upon the hearing of the motion sustains the allegations, and tends to prove the existence of an understanding between Murphy & Company and the appellee that the amount of the indebtedness due appellee should be paid out of the money derived from the claim for damages which Murphy & Company asserted against the railroad and on which judgment in their favor was rendered. Even had there been no distinct agreement that the money obtained from the judgment was to be first applied to the payment of the balance on the soda fountain due by Murphy & Company to appellee, equity, under the facts of this case, would imply existence of such an understanding. The property which was destroyed, and for the loss of which Murphy & Company instituted suit against the railroad, belonged to appellee. The contract of purchase shows that title thereto was unconditionally reserved by appellee until payment in full of the purchase price. Therefore, while Murphy & Company were proper parties to institute proceedings against the railroad for the loss and damage, the judgment rendered in pursuance of that suit, by operation of law, inured, to the extent of its interest, to the benefit of the real owner of the property destroyed—namely, the American Soda Fountain Company. This case falls clearly within the principle announced in *Loeb*

v. *Railroad*, 60 Miss.,.933. Appellee's only remedy was against the proceeds of the judgment, which stands in the place of the property.

Counsel for appellants misconceive the nature of the suit when they contend that this is an effort by one court to enjoin the enforcement of a judgment of another court of equal dignity, where it is admitted that the judgment sought to be enjoined is neither void nor irregular. That is not this case. This case proceeds upon a recognized principle of equity jurisdiction, and seeks to subject a special fund to the payment of the claim to which it should justly be applied, and the intervention of a court of equity may rightfully be invoked to prevent a misappropriation of the fund. The enjoining of the railroad company from paying the judgment is merely an incident to the relief sought, and one, too, which is no longer of interest, as the answer filed by the Gulf & Ship Island Railroad Company tenders the money into court, and interpleads all parties in interest.

The action of the court in refusing to dissolve the injunction because the amount claimed by the appellee lacked a few dollars of consuming the entire judgment was correct. If the judgment exceeds the true amount justly due appellee on the soda fountain, upon final hearing the assignees of Murphy & Company will be entitled to be first paid the entire amount remaining due on the balance; but under the record as now presented appellee is entitled to be first paid the entire amount remaining due on the soda fountain.

In the absence of a positive agreement, appellee would not, as against Barber & Mize, assignees of Murphy & Company, be entitled to receive pay in this proceeding for the amount which it claims is due for sirups furnished. As to this, the proof does not show notice of appellee's claim on the part of Barber & Mize, or that it occupied any such attitude as would give it an implied legal right to resort, in the method adopted, to this particular fund for satisfaction.

*Affirmed, and remanded for further proceedings in accordance with the views herein announced.*