## HOME INSURANCE CO. *v.* TATE MERCANTILE CO.

[78 South. 709, Division A.]

1. JUDGMENT. *Former Adjudication. Conclusiveness.*
   A judgment on the merits between the same parties for the same cause of action is conclusive between them. Neither does it make any difference that the plainitff in one suit is trying to recover in contract, and in the other suit in tort. The vital question is, is the plaintiff trying to recover in separate suits for damages growing out of one cause of action.

2. JUDGMFNT. *Former Adjudication. Conclusiveness.*
   Where plaintiff brought suit to recover a balance under a fire insurance policy, and in another suit attempted to recover damages in tort for delay by the insurance company in making payment, in sudh case all damages flowed from the breach of contract and an adjudication in one suit barred the other.

3. ESTOPPEL. *Plea of res judicata. Demurrer. Misjoiner.*
   A plaintiff canot in the same declaration, even in different counts, sue in contract and in tort. When the same declaration contains some counts in contract and others in tort, there is a misjoinder of causes of action and a demurrer to the declaration will be sustained.

4. SAME.
   Where plaintiff sued in the same action for an unpaid balance under a fire insurance policy, and for damages for delayed payment thereon, and defendant demurred to the declaration and thereupon plaintiff confessed error and sued and recovored for the unpaid balance in a separate action, in such case defendant was

not estopped from pleading *res adjudicata* in the suit, tried subsequently upon amended petition, asking damages for delayed payment only.

5. ACTION. *Splitting cause of action in contract and tort.*

One having a cause of action for damages arising from a breach of a contract, and which cause of action at the same time constitutes a wrong for which the plaintiff may waive the contract and sue in tort, the plaintiff then has two courses either of which he may pursue. He may sue in contract for the damages arising from the breach, or he may waive the contract and sue in tort. He must, however, elect upon which theory he will proceed, and his declaration, or the counts contained in the same, must be either all in contract or all in tort. He must also in one suit claim all the damages he has sustained, because for one cause of action but one suit is given the plaintiff to be tried upon its merits.

APPEAL from the circuit court of Pearl River county. HON. A. E. WEATHERSBY, Judge.

Suit by the Tate Mercantile Company against the Home Insurance Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*McLaurin & Arminstead,* for appellant.

The recovery by the appellee in this suit on contract on the same facts alleged in this suit is *res adjudicata* 23 Cyc. 1168-1170.

*Res adjudicata.* The doctrine of *res adjudicata,* or estoppel by judgment, is a rule founded on the soundest considerations or public policy. It means that if an action be brought and the merits of the question be discussed between the parties and a final judgment be obtained by either party, the parties are concluded and cannot again canvass the same question in another action. It is founded on two maxims of law, one of which is that a man should not be (twice) vexed for the same cause and the other that, it is for the public good

that there should be an end of litigation. *Wisconsin* v. *Torinus,* 28 Minn. 175-179; 9 N. W. 725 (34 Cyc. 1666 and note.) 1 Greenleaf's Evidence, sec. 531, page 596, and note 2.

Cause of action. Cause of action includes every fact necessary for plaintiff to prove to entitle him to succeed. The terms "right of action," and "cause of action" are equivalent. 1 Words & Phrases, 599-603.

Judgment between the same parties on the same cause of action is conclusive between them. The exceptions to this rule are; First, where the first action was not competent, second, where the plaintiff has mistaken his character; third, where the judgment is rendered for a fault in the declaration or pleadings.

The true question to be determined in such cases is not whether the former suit was actually determined on the merits, but whether the merits were involved and could have been determined in that suit. And the plaintiff who brings the second suit must not leave it to nice investigation to determine whether the cause of action is the same or different, but he should show clearly that they are different, and it is a matter of no importance that the form of action in the first suit was different from the form of action in the last. *Agnew* v. *McElroy,* 10 S. & M. 552; *Johnson* v. *White,* 13 S. & M. 584; Moseby v. Wall, 23 Miss. 81.

A decree rendered in a former suit is a bar to a subsequent suit between the same parties and in the same right and for the same subject-matter. *Manly* v. *Kidd,* 33 Miss. 141; *Williams* v. *Luckett,* 77 Miss. 394.

A party will not be permitted to relitigate a matter once settled by merely presenting new arguments on a state of facts not materially different from those existing in the first suit. *Moosy* v. *Harper,* 38 Miss. 599.

A judgment between the same parties for the same cause of action is conclusive. The test is whether the same cause of action is litigated or adjudicated in the

same suit; the form of action may be different, but the grievance complained of must be the same in both. *Perry* v. *Lewis,* 49 Miss. 443, 23 Cyc. 1215,

"Even though the relief sought may be different from that asked in the first suit, yet where the causes of action are not substantially the same, the question is *res judicata.*" 23 Cyc. 1168-1170; *Burkett* v. *Burkett,* 81 Miss. 593; *Hubbard* v. *Flint,* 58 Miss. 266; *Harvison* v. *Turner,* Pamphlet Sheets, So. Rep. Feb. 23, 1918; page 528, Div. A., decided Jan. 28, 1918.

*Gex & Waller,* for appellee.

Certainly the plea of *res adjudicata* has no merit in this cause. In the one case, a suit was filed for the recovery of the amount due under an agreement. In the other, a tort for damages caused by a wilful course of conduct. One being for the payment of an agreed amount of money, the other in tort being for the violation of contract, the consequences assumed by the defendant other than the payment of the money. In this connection we must call the court's attention to the fact that it certainly comes in bad faith for the appellant here to even suggest that a plea of *res adjudicata* should be considered by this court. An inspection of the record will show that it demurred to the declaration on the theory that the two suits must be separate; that no plaintiff even on the same cause of action can make his demand in the same declaration on contract and on tort. That they are supported by the proper authority, to wit: *Town of Hazelhurst* v. *Cumberland Tel. & Tel. Co.,* 83 Miss. 303.

Having raised that question and informed us what the law was on the subject, the demurrer was sustained by the court and the suits separated. Certainly after having insisted that the two suits couldn't be joined, it doesn't lie in their mouth to ask for a reversal of this case on the theory that the suits should have been

joined. However, in our opinion there is about as much merit in that contention as is any of the others raised by them. Of course we have no dispute to find with their law, if the causes of action were identical, because this suit may be construed either as a suit for damages for the wilful breaching of a contract or for a tort, because in Mississippi the contract can be waived and the tort may be sued for. See, *Heirn* v. *McCaughan*, 32 Miss. 17, not in point; *Railroad Co.* v. *Hearst*, 36 Miss. 660; *Waters* v. *Railroad Co.*, 74 Miss. 539.

So that the cause should be considered either in tort or under contract. In either event, certainly the same matters were not at issue in the other cause. no demand being made there but for the money witheld from the trustee in bankruptcy; but even if it was, are they not estopped now from raising that question because of their conduct hereinabove mentioned. Therefore we pass the authorities on the supposed case made by them.

SYKES, J., delivered the opinion of the court.

The Tate Mercantile Company, appellee, recovered a judgment against the Home Insurance Company for ten thousand dollars in the circuit court of Pearl River county, from which judgment this appeal is prosecuted.

In the court below the appellant insurance company filed a plea of *res adjudicata,* or a former recovery by plaintiff in another suit against the insurance company of the sum of five hundred, eight dollars and forty-seven cents upon this same cause of action arising out of the identical facts involved in this suit. A replication to this plea was filed by the plaintiff in the court below, in which it alleged in substance:

"That the judgment in the former suit pleaded as *res adjudicata* is not a bar to the present action, because the former action so pleaded was for the

recovery of a balance due under a contract, and the present action is for the recovery of damages arising in tort.''

A demurrer to this replication was overruled by the court, and the case was tried on its merits. It is only necessary to notice the pleadings in this case and in the other one for an understanding of this opinion.

In the case at bar the plaintiff originally filed a declaration setting forth at great length his cause of action. The material facts therein stated are that the plaintiff, Tate Mercantile Company, was a corporation engaged in a general mercantile business in Pearl River county; that on its stock of merchandise it had procured from the defendant insurance company six policies of insurance, aggregating in all the sum of seven thousand, five hundred dollars; that on October 25, 1915, during the life of these policies, its warehouse was destroyed by fire and a large part of its goods, wares, and merchandise were burned, and that part not burned was badly damaged, the damage amounting practically to the sum the goods were insured for; that immediately after the fire the plaintiff attempted to make proof of loss to the defendant, but that the defendant refused to deal with him directly and referred him to the New Orleans Adjustment Company, the defendant's agent; that plaintiff stated to this agent of the defendant company that because of the war, and the stringency in the money market, it was necessary that a quick adjustment be made of the loss in accordance with the terms of its policies, explaining to this agent that plaintiff had a number of creditors who expected to be paid, and unless a quick adjustment of the loss would be made, it would result in an irreparable injury to the business; that the defendant's agent, taking advantage of this situation, refused to pay the amount of the loss to the plaintiff, and compelled plaintiff to accept in settlement from the defendant as a total adjudication of the loss the sum of three thousand,

eight hundred, twenty-one dollars and twelve cents; that plaintiff agreed to accept this amount on the express condition that it should be paid at once, in order that the plaintiff could settle with his creditors and continue his business; that this contract for an immediate payment of this amount was then duly entered into between the agent of the defendant and the plaintiff; that the defendant willfully failed and refused to comply with this contract and pay the money over immediately, but held the same on one pretext then another; that by virtue of this willful and malicious withholding of this amount of money from the plaintiff, it was attached by certain of its creditors and was finally forced to go into bankruptcy, its business and its credit destroyed. The declaration then alleges that after an unreasonable length of time the defendant had paid the insurance except the sum of seven hundred, forty-seven dollars and twenty-five cents; that in consequence of the willful, malicious, and negligent conduct of the defendant, the business of the plaintiff was totally destroyed, and damaged its good name, credit, and repute in the sum of ten thousand dollars; that plaintiff was further damaged in approximately the sum of one thousand dollars for expenses and costs in the bankruptcy court, and further damaged in the sum of seven hundred, forty-seven dollars and twenty-five cents, which the insurance company so wrongfully kept from it in the settlement with the referee in bankruptcy; and that the plaintiff was totally damaged in the sum of eleven thousand, seven hundred forty-seven dollars and twenty-five cents.

To this original declaration a demurrer was interposed by the defendant company. The specific grounds of this demurrer were:

"First. Because there is a misjoinder of actions in the same count of the declaration.

"Second. There is a joinder of actions *ex delicto* and

*ex contractu* in one and the same count of the declaration.

"Third. There is an attempt to blend in the same count in the same declaration inconsistent and inharmonious causes of action; one element thereof predicated of an action *ex contractu* is for a demand on an alleged balance of an account due the plaintiff; the other for damages alleged to have arisen from tortious conduct of the defendant."

This demurrer was confessed by the plaintiff, who thereupon filed an amended declaration embodying the same averments in this declaration as appear in the original declaration, except that the *ad damnum* clause in the amended declaration is as follows:

"That in consequence of said willful, malicious, and grossly negligent conduct of said defendant, the business of said plaintiff was totally wrecked, ruined, and destroyed, damaging its good name, credit, and repute in the sum of ten thousand dollars ($10,000)."

This cause of action was tried on this amended declaration. When the declaration was thus amended the plaintiff filed a separate suit against this defendant in the same court containing all of the material averments of the original and amended declarations above set out, except the *ad damnum* clause in this declaration reads as follows:

"That in consequence of the whole amount of said money due said plaintiff, said defendant is now due the said plaintiff the sum of seven hundred, forty-seven dollars and twenty-five cents, with legal interest thereon from the 25th day of October, 1915, to date."

This suit for the seven hundred, forty-seven dollars and twenty-five cents was tried in the circuit court at a term previous to the trial of the present suit, and resulted in a judgment in plaintiff's favor for the sum of five hundred, eight dollars and forty-seven cents. That case was appealed to this court and affirmed.

There are a number of questions raised by the appellant in the case, but it is only necessary for us to notice the one question, and that is, whether or not the plea of *res adjudicata* of the defendant is sustained by the record. This question is not an open one in Mississippi. It has been repeatedly decided in this state that a judgment on the merits between the same parties for the same cause of action is conclusive between them. Neither does it make any difference that the plaintiff in one suit is trying to recover in contract, and in the other suit in tort. The vital question is, Is the plaintiff trying to recover in separate suits for damages growing out of one cause of action? The one cause of action can only give rise to one suit. The plaintiff is only allowed one trial at law upon the merits of a case arising from one cause of action. It is an ancient legal maxim that, "No one shall be twice harassed for the same cause." In the case of *Agnew* v. *McElroy,* 10 Smedes & M. 552, 48 Am. Dec. 772, this question is discussed in the opinion of the court. A former suit in tort was pleaded as *res adjudicata* of a suit in contract, the same question involved here. We now quote from some portions of the opinion in that case:

"It is not at this day to be doubted but that a judgment between the same parties, for the same cause of action, is conclusive between them. . . . The principal consideration is whether it be precisely the same cause of action in both appearing by proper averments in a plea, or by proper facts stated in a special verdict or a special case. . . . The recovery is *prima-facie* evidence that the demand has been inquired into, but is not conclusive. The inquiry is whether the same cause of action had been litigated and considered in the former action. The plaintiff who brings a second action must not leave it to nice investigation to see whether the two causes of action be the same; he ought to show beyond all controversy that the second is a

·different cause of action from the first in which he failed. [Citing authorities.] It is immaterial that the form of action is different; if the cause be the same, the judgment is conclusive, as a judgment in trover is a bar to an action of *assumpsit* for the value of the same goods. [Citing authorities.]"

In case of *Perry* v. *Lewis,* 49 Miss. 443, it is said: "It is contended by the counsel for the defendant in ·error that a recovery in the action of debt, upon the bond, is no bar to this action of trespass. The general principle is that a judgment between the same parties, for the same cause of action, is conclusive between them. The first action must be competent to dispose of the case on its merits, and such disposition has been made. The first action is not a bar to the second if the judgment were rendered for faults in the ·declaration or pleadings. The true test is whether the same cause of action was litigated and adjudicated in the former suit. The form of the action may be ·different, but the grievance and wrong complained of must be the same in both suits."

In this case there was an alleged willful breach of a ·contract, from which breach plaintiff sustained all the damages sued for in the two cases. All the damages flowed from the one ·cause of action, viz. the alleged breach of the contract.

The appellee contends that the appellant is estopped from pleading *res adjudicata* in this case because of its demurrer to the original declaration, which appellee ·confessed under the authority of the case of *Town of Hazlehurst* v. *Cumberland Telephone Co.,* 83 Miss. 303, 35 So. 951. It was decided in that case that a plaintiff could not in the same declaration, even in different counts, sue in contract and in tort. When the same declaration contains some counts in contract and others in tort, there is a misjoinder of causes of action.

One having a cause of action for damages arising from a breach of a contract, and which cause of action

at the same time constitutes a wrong for which the plaintiff may waive the contract and sue in tort, the plaintiff then has two courses, either of which he may pursue. He may sue in contract for the damages arising from the breach, or he may waive the contract and sue in tort. He must, however, elect upon which theory he will proceed, and his declaration, or the counts contained in the same, must be either all in contract, or all in tort. He must also in one suit claim all the damages he has sustained, because for one cause of action but one suit is given the plaintiff to be tried upon its merits. In this case the defendant is in no way precluded from pleading the former adjudication because of the demurrer interposed to the original declaration. The declaration was demurrable, and this was confessed by the defendant. It was then the duty of the defendant in his amended declaration either by suing in contract or in tort to claim all the damages of every character whatsoever sustained by him. The plaintiff failed to do this, and the fault is his alone. He had a right to have only one of these suits tried arising out of his cause of action, and he tried the one in which he recovered five hundred, eight dollars and forty-seven cents.

In this case the plaintiff split his cause of action. This is not permissible. In actions of tort, where one sustains personal injuries, and at the same time damages to his property by the same tortious act, but one cause of action is given. This question is decided in the case of *Kimball* v. *Louisville & Nashville R. R. Co,.* 94 Miss. 396, 48 So. 230.

The pleadings and the facts in the case show that plaintiff had recovered in the former suit damages for this cause of action; consequently the peremptory instruction asked by the defendant should have been given.

Reversed, and judgment will be entered here in favor of the appellant.

*Reversed.*