Statement of the case.

YAZOO & MISSISSIPPI VALLEY RAILROAD COMPANY *v.* ALFRED PAYNE.

[45 South., 705.]

JUSTICE OF THE PEACE. *Jurisdiction. Amount. Animals killed. Same tort. Single cause of action.*

A justice of the peace has no jurisdiction of separate suits for the value of each of several animals negligently killed by defendant at the same time and in the same manner, whose aggregate value exceeds his jurisdiction in amount, the transaction giving rise to but one indivisible cause of action.

FROM the circuit court of Adams county.

HON. MOYSE H. WILKINSON, Judge.

Payne, the appellee, was plaintiff in the court below, and the railroad company, the appellant, was defendant there. From a judgment in favor of the plaintiff the defendant railroad company appealed to the supreme court.

On November 10, 1906, a rapidly moving engine of the Yazoo & Mississippi Valley Railroad Company collided with two of appellee's mules which happened to be upon the railroad track, killing them both. Thereupon appellee filed two separate suits simultaneously before a justice of the peace to recover $175 for each mule. It was unquestionable that both mules were killed at the same time, by the same locomotive, and in the same way, and that if the railroad company was liable at all, it was liable for the value of both mules. There were two separate judgments by default against the railroad company, for $175 each, in the court of the justice of the peace. The railroad company having appealed each case, the two were tried jointly as one case in the circuit court.

After the testimony was presented in the circuit court, and before the jury retired, the railroad company moved the court to exclude the evidence and instruct the jury to find in its favor

because there was no jurisdiction in the magistrate's court. This motion was overruled by the court, and due exception was thereupon taken by the railroad company. After a verdict in favor of the plaintiff for $350 the defendant company made a motion for a new trial, among other grounds assigning again the want of jurisdiction in the magistrate's court. This motion was overruled.

*Mayes & Longstreet,* for the appellant

As the two mules were killed at the same time and place and by the same locomotive and in the same way, it must follow that if the railroad company is liable at all it must be liable for the value of both animals, hence the rule in the case of *Pittman* v. *Chrisman,* 59 Miss., 124, governs. The constitutional limitation of $200 laid upon justices of the peace is laid in case of torts as well as in contracts.

The courts cannot be hampered and parties cannot be burdened by undue and unnecessary splitting up of demands where separate and possibly numerous trials would involve the same questions of law and fact, the repetition of the same evidence and a multiplicity of suits.

It will be noted that proper steps were taken to call the attention of the circuit court to the lack of jurisdiction of the magistrate's court.

*Reed & Brandon,* for appellee.

There is no similarity between the case at bar and that of *Pittman* v. *Chrisman,* 59 Miss., 124, cited by appellant, for this latter case cited was founded upon contract while the case at bar is based on tort.

Our state constitution of 1890, sec. 171, provides that "the jurisdiction of justices of the peace shall extend to causes in which the principal amount in controversy shall not exceed two hundred dollars." The case of *McLendon* v. *Pass,* 66 Miss., 110, 5 South., 234, decided since the constitution went into ef-

fect, decides that "the rule that one having a single cause of action may not divide it and thereby confer upon a court of limited jurisdiction power to hear and determine the several suits, is well settled; but it does not follow that one who has two or more separate and distinct causes of action, over which the inferior court has jurisdiction, must, in the interest of the defendant, combine them all into one suit in another court." See also *Drysdale* v. *Biloxi Canning Factory,* 67 Miss., 534, 7 South., 541.

It was optional with the appellee whether he should combine his two separate causes of action, each for $175, into one suit for $350, or whether he should, as he did, institute two separate suits before a justice of the peace.

WHITFIELD, C. J., delivered the opinion of the court.

Under the authority of the case of *Pittman* v. *Chrisman,* 59 Miss., 124, it is perfectly plain that the justice's court had no jurisdiction, and, of course, the circuit court had none on appeal. If the argument of the appellee was sound, then, if one thousand mules were killed on the same day by the same agency and under exactly the same circumstances in every respect, one thousand suits must be instituted in the justice court, one for each mule, if the value of each mule is less than $200.

Judgment reversed, and the suit dismissed, without prejudice to the right of the plaintiff to bring his suit in the proper court.

*Reversed.*