EDWIN D. KIMBALL v. LOUISVILLE & NASHVILLE RAILROAD
COMPANY.

[48 South. 230.]

1. TORTS.  *Separate injuries from same act.*

  Where plaintiff sustained injuries to his person and property by
  the same tortious act, the different injuries are merely separate
  items of damage and constitute only one cause of action.

2. SAME.  *Res adjudicata.  Splitting cause of action.*

  A plaintiff, injured in his person and property by the same tortious
  act, who sued for, recovered and was paid the damages to his
  property, cannot afterwards recover for the personal injury, since
  he is not permitted to split up his cause of action.

FROM the circuit court of Harrison county.

HON. WILLIAM H. HARDY, Judge.

Kimball, the appellant, was plaintiff in the court below and
the railroad company, the appellee, was defendant there.
From a judgment predicated of a peremptory instruction in de-
fendant's favor, the plaintiff appealed to the supreme court.

The opinion of the court state the facts.

*Doty & Elmer* and *J. H. Mize,* for appellant.

Appellant's suit for personal injuries, in which this appeal
is taken, was instituted in June, 1906, and was not tried in the
circuit court until June, 1908.   His separate suit for injuries
to his horse and buggy was instituted by him in May, 1907,
and judgment in the sum of $50 for the damages to this prop-
erty was rendered in January, 1908.   This judgment for $50
had been settled by the railroad company when the suit for ap-
pellant's personal injuries was tried in the court below.   We
do not think that appellant should legally be limited to one
suit for settlement of these two separate demands, even though
the claims arise from the same tortious act.

The case of *Brunsden v. Humphrey,* L. R. 14, Q. B. D. 141, seems to have been the first case upon this proposition of law arising in England.    It was an action for damages to plaintiff's person sustained in a collision of defendant's cabriolet with that of the plaintiff, who had previously brought suit and recovered damages for injuries to his cabriolet growing out of the same occurrence.    The majority of the Queen's Bench held that damage to goods and injury to the person, although occasioned by one and the same wrongful act, are infringements of different rights and give rise to distinct causes of action; and thereby recovery in an action of compensation for the damages to the goods is no bar to an action subsequently commenced for the injury to the person.    There was a dissenting opinion by Lord Chief Justice COLERIDGE, and several of our state courts have adopted this dissenting opinion of Lord COLERIDGE as the law.

It will be found that all of the authorities holding that but one suit can be brought under such circumstances rely, for their precedent, on this dissenting opinion of Lord COLERIDGE.

The case of *Wilson v. Texas, etc., Railroad Co.,* 8 Tex. Civ. App. 144, 27 S. W. 924, is a case on all fours with the instant. case.    There Watson was personally injured in the same railroad wreck which injured some of his mules.    Watson first recovered judgment for the mules, and then sued for damages for his personal injuries.    The defendant pleaded the former recovery for the mules as being a bar to recovery for the plaintiff's personal injuries.    The court in that case held that recovery for damages to the mules did not preclude subsequent recovery for damages because of Watson's own personal injuries.

The case of *Reilly v. Sicilian Asphalt, etc., Co.,* 11 Am. Neg. Rep. 328, 170 N. Y. 40, is also precisely in point here.    It is a decision of the highest court of New York, the opinion being by ALTON B. PARKER, J.    Reilly and his vehicle each sustained injuries in consequence of a collision with a gravel pile placed in the road through the negligence of the defendant.    Reilly

brought an action against the defendant in the court of common pleas to recover damages for the injury to his person. Subsequently, as in the case at bar, he brought an action in one of the district courts of the city of New York to recover for the injury to his vehicle; and in the latter action, just as here, he recovered judgment which was paid by the defendant. Defendant then set up by supplemental answer the judgment in the dictrict court suit and its satisfaction as a bar to the further maintenance of the action in the court of common pleas. The court of common pleas held that recovery for injuries to the vehicle was a bar to the maintenance of the suit for personal injuries, on the theory that where injuries to the person and his property grew out of the same transaction, recovery as to the one bars maintenance of suit as to the other. The case was then appealed to the supreme court of New York. *Reilly v. Sicilian Asphalt, etc., Co.,* 31 App. Div. N. Y. 302, 4 Am. Neg. Rep. 692), which court sustained and affirmed the judgment of the court of common pleas below. From the supreme court of New York the case then went by appeal to the court of appeals of New York, the court of last resort in that state, which latter court, through an exhaustive opinion, reversed the judgment of the lower courts and held that it was proper for two suits to be brought under the circumstances.

The reasons why two actions, under circumstances such as here, should be allowed to be brought, are many. The rules of evidence and law governing the damages in the two classes of cases are altogether different. An existing claim for personal injuries would not be required to be listed in bankruptcy in case the injured person should be placed in bankruptcy. The injured person in a personal injury suit is permitted to recover for mental suffering and for physical suffering and for permanent injury, if existing, together with compensation for loss of service. Had Kimball been killed on the occasion of his injury, the cause of action for his death would, under our statute law, have been barred after one year from date of death. But

the right to his legal representatives to sue for injury to his mule or buggy would exist for six years after date of injury. The measure of damages to property is the difference between the value immediately before the injury and value immediately afterward. If it were the rule that but one suit could be brought by appellant for both injuries, it can readily be seen how a number of complications could arise and the rights of parties be materially interfered with. *Murphy v. American Soda Co.*, 86 Miss. 791, 39 South. 100; *Eagan v. New York Transportation Co.*, 78 N. Y. 209, 39 Misc. Rep. 111; *Mobile, etc., R. R. Co. v. Matthews*, 91 S. W. 194.

It is true that in *King v. Chicago, etc., R. Co.*, 80 Minn. 83, 50 L. R. A. 161, cited by appellee, a contrary rule to the foregoing is announced. We do not think that the case last cited is, however, a well-considered case, and call the attention of the court to the fact that it gives as authority the *Reilly case* from New York, above set forth.

*George L. Smith* and *H. T. Smith*, for appellee.

The great weight of authority, as well as of reason, is opposed to the allowance of two recoveries for the same wrongful act. Those authorities which permit two separate suits for the same tort, one for the recovery of damages done to the property, and the other for the recovery of damages done to the person rest upon the case of *Brunsden v. Humphrey*, 14 Queen's Bench Division, 141, which is the only authority where a discussion of the question upon principle has resulted in such a holding.

Mr. Black, in his work on Judgments, second volume, § 740, accepts the authority of *Brunsden v. Humphrey* without question, and, apparently, without thought. The civil court of appeals of Texas, in the case of *Watson v. Texas Railway Company*, 8 Texas Civil App. 144, 27 S. W. 924, in turn accepts the authority of Black on Judgments without further investigation or discussion. These are the only authorities supporting the appellant's position of which we are aware, except the case

of *Reilly v. Sicilian Asphalt, etc., Co.*, 88 Am. St. Rep. 639, which rests upon the statutory law of New York, though it too cites the case of *Brunsden v. Humphrey*. Thus it appears that all of the authorities, upon which the appellant can reply, rest either upon the case of *Brunsden v. Humphrey* or upon the statutes of New York. Turning to the English case, we find that the opinion of the court was concurred in by BRETT, M. R. and BOWEN, L. J., but that Lord Chief Justice COLERIDGE dissented from the decision in an opinion which seems to us to be unanswerable. The opinion of the majority of the court is made to rest entirely upon the hair-splitting distinction as to whether a cause of action consists of the wrongful act, or of the damage accruing therefrom, the majority of the court taking the view that it is the damage and not the act done, that constitutes a cause of action, which idea is made to rest entirely upon the fact that a wrongful act without injury does not afford a cause of action. While it is quite true that a wrongful act without injury does not afford a cause of action, this is not because the wrongful act does not constitute a tort, but only because it would be practically impossible for any government to furnish sufficient machinery to settle all of the quarrels that might arise between mankind if it undertook to investigate every wrong where no injury was suffered. On the other hand, while wrong without injury does not support a recovery, because the state cannot furnish courts enough to settle all abstract questions of right that may arise, injury without wrong, on the other hand, affords no cause of action, because there is nothing of which to complain, or, in other words, because no right has been infringed.

We quote the following from the dissenting opinion of Chief Justice COLERIDGE: "It appears to me that whether the negligence of the servant, or the impact of vehicle which the servant drove, be the technical cause of action, equally the cause is one and the same; that the injury done to the plaintiff is injury done to him at one and the same moment, by one and the

same act, in respect to different rights, i. e., his person and his goods, I do not in the least deny; but it seems to me a sublety not warranted by law to hold that a man cannot bring two actions if he is injured in his arm and his leg but can bring two if besides his arm and leg being injured his trousers, which contained his leg, and the coat sleeve which contained his arm, have been torn. The consequences of holding this are so serious, and may be very probably so oppressive that I, at least, must respectfully dissent from a judgment which establishes it. I think that the court below was right, and that this appeal should be dismissed."

It is to be observed, that in both the English case and the New York case, the view taken by the trial court, accorded with that expressed by Chief Justice COLERIDGE, and, as we have already observed, every authority which we have seen, which accepted the view of the majority of the court in *Brunsden v. Humphrey,* except that the court of appeals of New York, simply followed the English court without examining the question upon its merits.

Turning to the New York case of *Reilly v. Sicilian Asphalt, etc., Co.,* 88 Am. St. Rep. 639, it is perfectly manifest that this decision was controlled by the local statute. It is pointed out in this opinion that the statute of limitations as to wrongs to persons and as to wrongs to property was at variance, but this constituted no real obstruction, as there are many cases in which a part of the damages may be barred by the statute of limitations, while a part is not barred by the statute of limitations.

Nor is there such a difference in the statute of Mississippi. We are confronted with this difficulty, however, every day in suits upon accounts, and in the settlement of partnerships, and in complaints against trustees, and in many other matters, and we have never heard this alleged as a ground for permitting one to split his cause of action. His remedy is simple, let the plaintiff sue in time to avoid both statutes. It is also suggested that one character of damages was assignable, while

the other was not.   This presents no real difficulty.   Even where the entire account is assignable, and a portion of it only is assigned, the plaintiff loses the balance, since he cannot split his cause of action.   There is no greater hardship in insisting that the plaintiff shall bring suit for his entire demand before assignment, where a part of the claim is assignable and a part is not assignable, than there is in insisting that he shall bring a suit upon the whole demand without assigning a part thereof, where it is all assignable.   A reading of the opinion of the court of appeals of New York, and a little consideration of the matter will make it manifest that the court of appeals of New York found the law of that state complicated by its code procedure.   The statute law of New York undertook to classify the different causes of action, and it did so by placing injuries to *personal property* in one category, and injuries to *persons* in another category, and then proceeded to declare that it was not permissible to join actions for injuries to one class with actions for injuries to the other class.   It is manifest that there was but one way to accomplish anything approximating justice under such statute law, and that was by allowing two separate action, and this had to be justified, no matter how fine it was necessary to spin the argument.

The common law of this country is contrary, contrary to the statute law of New York, as nothing could be better understood or settled than that the judgment of a court precludes not only that which was litigated, but everything that might have been litigated in the case.   Herman on Estoppel, 1416; *Tankersley v. Pettis,* 71 Ala. 186.

It was conceded by both BOWEN, L. J., and by the court of appeals of New York that a claim for personal injuries might have been joined with the claim for damages to the horse and vehicle, and it seems to us that the state, as well as the parties, has an interest in the establishment and maintenance of the principle which forbids the maintenance of more than one suit for the same wrongful act.   Certainly it would be against public

policy to permit a person who has suffered a wrong to put the state to the expense of the trial of two causes when one would suffice.

The courts have held that two causes might have been maintained for the same wrongful act, have taken no account whatever of the difficulties arising in regard to the award of punitive damages, and there is simply no answer to the proposition that it would be impossible to prevent the double punishment for the same wrong by the award of punitive damages in both cases, if two causes may be maintained for the same wrongful act.

It is not the injury which a man receives that constitutes a cause of action, but the act done which causes the injury.

Turning to the authorities which support the insistance of the appellee, to the effect that the plaintiff can recover only once for damages done by the collision,—in other words, that the damages both to the vehicle and to the person having been caused by the same blow, were recoverable in the same cause of action, and that recovery could not be split so as to support two separate and distinct recoveries,—we find that the general principle is thoroughly established both in Mississippi and elsewhere. *Yazoo & M. V. R. Co. v. Payne* (Miss.), 45 South. 705; *Hazzard Powder Co. v. Bolger,* 18 Pac. 636; *Baird v. United States,* 96 U. S. 430.

The precise question has, however, been frequently decided, and upon reasoning which we deem conclusive. In the case of *King v. Chicago, etc., R. R. Co.,* 82 N. W., page 1113, the supreme court of Minnesota, after reviewing all of the authorities to the contrary said: "We are of the opinion that the cause of the action consists of the negligent act which produced the effect, rather than in the effect of the act in its application to different primary rights, and that the injury to the person and property as a result of the original cause gives rise to different items of damage. The natural rights mentioned in the constitution and statutes are of personal character, all centering in

the person; and the enactments referred to are intended to preserve them under the various phases of life, in the most practicable manner, as viewed by the legislature. But, because the distinction in reference to personal and property rights has been made, as noticed by respondent, it does not follow that those statutes were intended to definitely provide for separate remedies under the circumstances presented in this cause." Speaking of the case of *Brunsden v. Humphrey,* the supreme court of Minnesota, in the case *supra,* said: "But the refined reasoning of this part of the opinion is destroyed by the common-sense, practical argument of Chief Justice Coleridge, in a dissenting opinion."

See also *Doran v. Cohen,* 147 Mass. 342, 17 N. E. 648; *Knowles v. Railroad Co.,* 147 Mass. 606, 18 N. E. 580; *Sullivan v. Baxter,* 150 Mass. 261, 22 N. E. 895; *McCaffrey v. Carter,* 125 Mass. 330; *Folsom v. Clemence,* 119 Mass. 473; *Goodrich v. Yale,* 8 Allen, 454; *Trask v. Railroad Co.,* 2 Allen, 331; *Bennett v. Hood,* 1 Allen, 147; *Wheeler v. Tracer* (Mo.) 42 S. W. 946; all of which cases in effect sustain the decision, in the present case, of the court below.

Mayes, J., delivered the opinion of the court.

In October, 1906, while attempting to drive across the track of the railway at a public crossing in the city of Biloxi, Kimball claims to have been injured. For this injury he brought suit against the defendant company. On the trial it appeared that Kimball had sued for and recovered a judgment against the railroad company for damage done a horse and wagon by the same wrongful act. This judgment had been fully satisfied. This suit is to recover damages for injuries sustained to his person in the same collision which damaged the horse and wagon. Pleas presenting this issue were filed by the railroad company, and the question of the former recovery in a suit for injury done his property by the same act being beyond dispute, the court gave a peremptory instruction to find

for the defendant.   From this action of the court an appeal is prosecuted.

In the case of *Scott v. Southern Railway,* 47 South. 531, in which no written opinion was delivered, this question was presented, and the court held that, where a person sustained injuries both to himself and his property by the same tortious act, it gave rise to but a single cause of action.   There seems to be much conflict of authority on this subject, but the weight of better authority is in keeping with the holding of this court.   The case of *King v. Chicago, M. & St. P. R. Co.,* 80 Minn. 83, 82 N. W. 1113, 50 L. R. A. 161, 81 Am. St. Rep. 238, is a very instructive case on this subject, and in the opinion and notes will be found a collation of many authorities.   In the *King case,* above referred to, in discussing the question of whether or not, where one is injured both in his person and property by the same tortious act, it constitutes more than one cause of action, the court held that the different injuries constituted separate items of damage, but only gave rise to one cause of action, and further held that in such a case "that rule of construction should be adopted which will most speedily and economically bring litigation to an end, if at the same time it conserves the ends of justice.   There is nothing to be gained in splitting up the rights of an injured party as in this case, and much may be saved if one action is made to cover the subject."   We quote the above language with unqualified approval as applied to this case.

*Affirmed.*