## Underwriters at Lloyds Ins. Co. *v.* Vicksburg Traction Company.

[63 South. 455.]

Judgment. *Splitting cause of action. Subrogation. Insurance.*

Where an insurance company insured an automobile under a policy providing for subrogation, and it was struck and injured by a street car, the owner being injured personally at the same time, and the insurance company discharged its liability under its policy and received an assignment from the owner of his rights for injury to the car, and afterwards the owner recovered judgment against the street car company for his personal injuries, this judgment did not preclude a subsequent suit by the insurance company under its assignment, as owing to the provisions of the policy providing for subrogation, two causes of action arose out of the accident, and there was no splitting of causes which would render a recovery on one a bar to the other.

Appeal from the circuit court of Warren county. Hon. H. C. Mounger, Judge.

Suit by the Underwriters at Lloyd's Insurance Company against the Vicksburg Traction Company. From overruling a demurrer to the answer plaintiff appeals.

The facts are fully stated in the opinion of the court.

*N. Vick Robbins,* for appellant.

We think that the ruling of the trial judge in holding the recovery in the O'Neil case a bar to this action was manifest error. We concede that if this suit were brought by O'Neil himself seeking to recover for damages to his automobile that his recovery in the former suit would estop him from any further demand, that under the ruling of this court in *Kimball* v. *L. & N. R. R. Co.,* 48 So. 230, that O'Neil would be unable to maintain his claim. But this suit at bar was not brought by O'Neil and he has no interest in its outcome. He had assigned for value to appellant and all rights he had against appellee for damages to his car at the time he instituted suit for personal injuries and recovered judgment, at this time he had no legal ownership in any claim that might exist against appellee for damages to the automobile. In truth we submit that the ownership of the automobile, in contemplation of the law and so far as the claim for damages to it was concerned was *pro tanto* in the appellant. This right on the part of appellant was a vested one and could be asserted independently of and even adversely to O'Neil. In the Kimball case, the court will observe that Kimball was plaintiff in both cases, after recovering for his horse and wagon he later instituted suit for personal injuries and this court held the former recovery a bar to the second action. In other words the legal title and beneficial ownership were combined in Kimball. Our contention is that as far as O'Neil's claim for damages to the automobile was concerned, he was exactly in the attitude he would have been in if some one else had owned the car. If the car had belonged to Mr. A, instead of Mr. O'Neil it cannot be argued or contended here that the former recovery

would constitute a bar to an action by Mr. A for damages to his car. Counsel for appellee will contend that the assignment by O'Neil does not distinguish this case from the Kimball case as they had no notice of the assignment. We submit that no notice was necessary and that any failure to receive notice of assignment worked no injury to appellee nor changed its legal status.

If appellee had been deprived of any legal defense or any substantive right, counsel might argue this proposition with some force but such is not the case here.

Counsel say that an assignee can have no higher or greater right than his assignor. As a general proposition this is true, it is true in this case. We are not seeking to give the appellant, which is assignee, any greater right than the assignor (O'Neil), himself had. But counsel confuse the application of this principle. The claims for damages for personal injuries and for the automobile are separate and distinct claims and they were made so by contract, by the act of O'Neil when for value he sold his claim for an automobile damage. If O'Neil had, at the same time that he assigned his automobile claim, assigned his claim for personal injuries to appellant, then both claims would have had to be included in the same action. If counsel say that these constituted elements of damage merely, then we answer they were elements of damages but were elements with diverse and different ownership.

We can suppose the case of a fire which destroys a storehouse containing goods and merchandise. The ownership of the store was in one, the ownership of the goods in the store in another, the railroad set out the sparks that caused the fire. In a certain sense the loss of the building and of the merchandise can be said to be each elements of the entire loss or the total damage. The owner of the store brings suit and recovers, then comes the owner of the merchandise and institutes suits for his loss. Certainly the railroad company could not plead

the recovery of the first owner as a bar to a recovery by the second owner suing for the loss of his goods, notwithstanding the fact that each claim is for an element of damage that accrued at the same time and by the same act, a recovery in one case could not constitute a bar in the other because the elements are the property of different individuals. Just so in the case at bar, the ownership being in different parties, the right to assert claim for damages is open to both, independently of each. By this construction of the law justice would be subserved and no right of appellee sacrificed.

*Hirsh, Dent & Landau,* for appellee.

Counsel for appellant concedes that if this suit had been brought by O'Neil to recover for the damage to his automobile that he would be precluded from recovery by reason of the former suit. He states that as the suit at bar was not brought by O'Neil but by his assignee, the appellant, that it is not precluded from recovery.

When he confesses that O'Neil would have no standing in court, this is practically a confession that O'Neil's assignee has no standing in court. "The assignee takes the chose subject to all counterclaims against the assignor then held by the debtor, and to arrangements made between the debtor and the assignor prior to the time when the debtor receives notice of the assignment." 46 Cyc. 86.

The plea of the appellee sets up the fact that it had no notice of the assignment at the time the said suit was brought by the said O'Neil, and it had no notice of this assignment at the time it paid the judgment for injuries to the person of the said O'Neil, the assignor of appellant could give appellant no greater right, than he himself had.

"The general rule is that the unqualified assignment of a chose in action vests in the assignee of the title thereto to the same extent as the assignor had it on the date

of the assignment and no more." 4 Cyc. 80. "Only the assignors rights vest in the assignee." 4 Cyc. 80, note 90; *Railroad* v. *Wilson,* 83 Miss. 224.

The injuries sustained by O'Neil, the assignor of the appellant, to his person and to his property were received at one and the same moment as the result of one and the same tortuous act. He had only one right of action for which he could recover.

Where one sustains injuries to his person and property by the same tortious act, the different injuries are merely separate items of damage and constitute only one cause of action. *Kimbel* v. *Louisville & Nash. R. R. Co.,* 48 So. 230; *Y. & M. V. R. R.* v. *Paine,* 45 So. 705; *Scott* v. *So. Ry. Co.,* 47 So. 531; *Columb* v. *Webster Mfg. Co.,* 43 L. R. A. 190.

A party injured in his person and his property in the same tortious act, who sues for and recovers and is paid the damages to his property, cannot afterwards recover· for injury to his person, since he is not permitted to split up his cause of action. *Kimbal* v. *R. R. Co., supra.*

The converse of the above proposition is true. A party receiving injury to his person and his property and sues for and recovers for injury to his person, cannot afterwards recover for injury to his property, since he cannot split his cause of action.

The appellant is attempting to bring forward in this subsequent suit an item of O'Neil's damage which should have been made a part of the cause of action in the suit of F. E. O'Neil in which he recovered. The question of the damage to the automobile should have been presented in that case. The law is that it is not what the parties actually litigate in the former suit, but what they might and ought to have litigated under the issues made in that suit. Certainly the same questions of negligence would be presented in defending the suit at bar as were presented in the former suit of O'Neil, and, therefore, it would simply be a rehash relative to another item, on the

original cause of action, with the same witnesses, and with the expense necessarily incident to the prosecution of another suit.

The appellant cites no authorities to sustain his contention and by a most diligent search we have been unable to find any to sustain its contention.

Argued orally by *R. L. Dent,* for appellee.

REED, J., delivered the opinion of the court.

F. E. O'Neil, on September 5, 1909, while driving his automobile along the streets of Vicksburg and crossing the tracks of the Vicksburg Traction Company, was struck by an electric car. His automobile was damaged and he was injured in his person. He held a policy of insurance on the automobile in the appellant company, dated August 2, 1909. Pursuant to this policy, on November 26, 1909, in consideration of the payment by appellant of the amount of the policy, as required thereby, Mr. O'Neil executed to appellant an article of subrogation, in accordance with the terms of the policy, whereby he assigned to appellant all of his right, claim, and interest against appellee for damages to his automobile. In the policy is the following provision: "In case of payment of loss under this policy, these assurers shall be subrogated, to the amount of such payment, to all rights of recovery for such loss by the assured against persons, corporations, or estates; and the assured shall execute all papers required, and shall co-operate with these assurers to secure these assurers such rights."

On December 16, 1909, Mr. O'Neil brought suit against appellee for personal injuries sustained by him in the collision, and recovered a judgment. Appellant, as assignee of O'Neil, afterward brought the present suit against appellee to recover for damages to the automobile. Appellee pleaded as a bar to the action that appellant's claim for damages was *res adjudicata* because of the recovery by O'Neil from appellee in the suit for in-

juries to his person sustained in the collision, claiming that all injuries from the collision constituted only one cause of action, and could not be split so that separate suits could be brought for the injuries to his person and for damages to his automobile. A demurrer interposed by appellant to appellee's plea was overruled by the court, and from such action this appeal is taken.

It is contended by appellee that this case is controlled by the decision of this court in the case of *Kimball* v. *Railroad Company,* 94 Miss. 396, 48 So. 230. Therein Kimball recovered a judgment against the railroad company for damages done to his horse and wagon while he was attempting to drive across a track of the company at a public crossing in Biloxi. After judgment had been fully satisfied, he brought suit to recover for injuries sustained to his person in the same collision. The court decided that he could not maintain the second action; that the injury to himself and his property was by the same tortious act, and gave rise to but a single cause of action; that the different injuries were merely separate items of damages; and that he was not permitted to split up his cause of action.

We see a difference between this case and the Kimball case. Mr. Kimball brought both suits against the railroad company. The entire cause of action was in him when he filed his first suit for damages done his personal property and when he sued to recover for injuries to his person. He himself split his cause of action, which all along was wholly in him. This is not so in the case now before us. Mr. O'Neil had assigned all of his right and interest against the traction company for damages to his automobile before he filed suit for personal injuries. When the suit was entered by him he had no cause of action against the company for damages to the automobile. This disposition by him of his right to damages to the automobile was in pursuance of a policy of insurance written for him by appellant company. It was in accord-

ance with an agreement executed by him to make such transfer, whereby appellant would be subrogated to all of his rights to recover.

Appellant had an equitable interest in the automobile at the time of the collision by reason of having written the policy of insurance. When it was damaged, then, by virtue of the contract of insurance and the article of subrogation, appellant had such an interest in the claim for damages. This interest became a right to sue at law when appellant paid to Mr. O'Neil the amount owing him for loss under the policy and received from him assignment of his claim and was subrogated to his right to recover for damages. Therefore, when the suit was filed by Mr. O'Neil on December 16, 1909, against appellee, the cause of action for recovery for injuries sustained to his person was in Mr. O'Neil, and the cause of action to recover for damages to the automobile was in appellant. There was then two distinct causes of action, two separate rights to recover, in two different persons.

In delivering the opinion of the court in the case of *Kimball* v. *Railroad Company, supra,* Judge Mayes cited the case of *King* v. *Railway Company,* 80 Minn. 83, 82 N. W. 1113, 50 L. R. A. 161, 81 Am. St. 238, and made the following quotation from the opinion in that case: "That rule of construction should be adopted which will most speedily and economically bring litigation to an end, if at the same time it conserves the ends of justice. There is nothing to be gained in splitting up the rights of an injured party as in this case, and much may be saved if one action is made to cover the subject." We note, upon examination of the report of the King Case, that both suits were brought by King. The first suit was for personal injuries suffered in a collision with a train of the railroad company, and the second was for damages done to his wagon, horse, and harness. The court decided that he could not split his cause of action.

In the Kimball Case, as well as in the King Case, we can see that the ends of justice were conserved by re-

quiring the parties to bring one suit for their one cause of action. But it does not seem to us that the ends of justice would be conserved in the present case by deciding that the appellant had no cause of action for damages to the automobile because Mr. O'Neil had brought his suit for personal injuries suffered by him—the only cause of action he had against appellee when the suit was filed. It would not "conserve the ends of justice," but would work an injustice, to hold that Mr. O'Neil could, as claimed, destroy the right of appellant, vested in the manner above shown, to sue for damages to the automobile by bringing suit for injuries to his person. Appellant could not control Mr. O'Neil's course in entering suit. Appellant had no interest in his cause of action for personal injuries, but owned absolutely the right to recover for damages to the automobile.

We do not intend to disturb the rule announced in the Kimball Case. As applied in that case we approve it. We do not think it should be stretched to include the case before us. It is not applicable here. We distinguish that case from this. Appellant's right to recover in this case should not be defeated by Mr. O'Neil's suit. The ends of justice, the public welfare, will be conserved by holding that appellant, under the facts of this case, has a cause of action against appellee.

*Reversed and remanded.*