FEWELL v. NEW ORLEANS & N. E. R. Co.*

(Division B.   Oct. 25, 1926.)

[109 So. 853.   No. 25851.]

JUDGMENT.   *Satisfaction of judgment for damage to contents of building is bar to other action by same person for damage to building from same negligent act, though by paper unfiled, and of which notice was not given plaintiff had assigned his interest in second action (Hemingway's Code, sections 496, 498).*

Where cause of action for negligent burning of building and contents was split, and two actions, one for damage to building, the other for damage to contents, brought, recovery and payment of judgment in the one is bar to recovery in the other, though plaintiff's interest in the other had been assigned, even if assignment

of one element of damages of cause of action be authorized by Hemingway's Code, section 496 (Code 1906, section 717); the assignment required by section 498 (section 718) to be filed in the suit, not having been filed, nor notice thereof given, in either case, till after satisfaction of judgment obtained in the first.

*Corpus Juris-Cyc References: Actions, 1CJ, p. 1118, n. 25. Assignments, 5CJ, p. 894, n. 14. Interest *reipublicae ut sit finis litium* 33CJ, p. 267, n. 96. Judgments, 34CJ, p. 834, n. 72. *Nemo debit cis vexari pro uno et eadem causa*, 29 Cyc, p. 664, n. 52.

APPEAL from circuit court of Lauderdale county.
HON. R. M. BOURDEAUX, Judge.
Action by W. L. Fewell against New Orleans & Northeastern Railroad Company. Judgment for defendant, and plaintiff appeals. Affirmed.

*S. M. Graham,* for appellant.

The only question in this case is whether or not W. L. Fewell could assign to the Bank of Pachuta the damage claimed by him for the value of the house destroyed and still maintain a suit for the contents of the building. The trial judge held that while a cause of action could be split and two separate suits maintained thereon where an undivided interest in the entire cause of action had been assigned, yet it could not be split where the whole or any part of the total damage had been assigned. This is not a correct interpretation of section 498, Hemingway's Code. See *Fink v. Henderson,* 74 Miss. 8, 19 So. 892.

Instead of the policy of the law being to limit the statute by construction, it is rather to be liberally construed in favor of the validity of the assignment. *Pigford Grocery Co.* v. *Wilder et al.,* 76 So. 745; *Peck-Hammond Co.* v. *Williams,* 77 Miss. 824, 27 So. 995.

This court specifically held in *Wells* v. *Edwards Hotel and City R. R. Co.,* 50 So. 628; *McInnis Lbr. Co.* v. *Rather,* 111 Miss. 55, 71 So. 264; and *Lamar Hardwood Co.* v.

*Harrel,* recently decided, that the assignees of an interest in a cause of action could maintain a separate suit on such interest as was assigned, which, we submit, is conclusive in favor of the validity of the assignment here.

Section 1., chapter 134, Acts of 1906, provides that the assignee of any cause of action or any interest in the cause of action under an assignment before or after suit may begin, prosecute, and continue the suit under the assignment in the name of the original party and that a sufficient notice is the filing of the assignment with the papers in the cause. Construing that section, see *Ridgeway et al.* v. *Jones,* 126 Miss. 627, 74 So. 692.

We have complied strictly with the statute in the handling of the assignment and with the court decisions in prosecuting the cause. There is no predicate for any plea in bar, waiver, or estoppel as against this assignee, especially when the assignee was without knowledge of the matters alleged in defense to this suit.

This cause should be reversed and remanded.

*Bozeman & Cameron,* for appellee.

I. A man cannot split his cause of action. If he accepts settlement for one element of damage, he cannot subsequently recover for any other element of damage. *Kimball* v. *L. & N. R. R. Co.,* 94 Miss. 396, 48 So. 230; *Ins. Co.* v. *Tate,* 78 So. 709. It is plain, therefore, that Fewell himself could not maintain his present action because he has sued for and recovered part of his damage suit in No. 1043. His present action, therefore, must fail unless it is given life by the purported assignment.

II. The assignment is void. It is not necessary to cite authorities on the proposition that choses in action were not assignable at common law and that a party could not assign his tort action under the common law. Whatever life this purported assignment has is given by the statutes of Mississippi.

It will be noted that our statutes give the right to assign only "a chose in action, or any interest therein." We have, therefore, departed from the common law to the extent that in our state a person can assign his whole cause of action or any interest in his cause of action. In other words, he can either assign all of his cause of action or an undivided interest in the whole. It is not provided that he can assign his *several elements of damage*. The assignment is void because it is also too indefinite to be given effect.

III. The assignment, if valid, does not enable plaintiff to escape plea of *res adjudicata.* See section 498, Hemingway's Code. This purported assignment was not acknowledged until December 16, 1925 while plaintiff had accepted payment of the judgment in case No. 1043 two days before that time.

Assignee takes chose in action subject to all equities and defenses existing against assignor. This principle is likewise well established, both at common law and under the decisions of our court. See 2 R. C. L., pp. 620-32; 5 C. J., pp. 961 et seq.; 4 Cyc., pp. 80 et seq; *Y. & M. V. R. R. Co.* v *Wilson et al,* 83 Miss. 224; *Natchez* v. *Minor et al.,* 17 Miss. 544.

Defense of *res adjudicata* is available by the terms of the statute itself. Section 496, Hemingway's Code.

Under the statute the defendant in this case is entitled to interpose any defense existing at the time it received notice of the assignment. There is no claim that defendant was notified of the assignment until it was actually filed with the papers in the case on March 19, 1926. At that time there existed in favor of the railroad company a perfect defense, that of *res adjudicata* by reason of the judgment in the former case.

It is clear that the right asserted "died a-borning."

HOLDEN, P. J., delivered the opinion of the court.

In 1924 the appellant, W. L. Fewell, sued the appellee, railroad company, in cause No. 1043 in the circuit court

of Lauderdale county, for the value of the contents of a building which was destroyed by fire caused by the negligence of the railroad company, and the appellant also filed another suit, No. 1044, in the same court, against the appellee, railroad company, for the value of the same building destroyed by fire on account of the negligence of the railroad company.

The suit, No. 1043, for the value of the contents of the building, was tried, and judgment recovered in favor of the appellant, Fewell, and, upon affirmance by the supreme court, the amount of the judgment was paid over to Fewell. The other suit, No. 1044, for the value of the building destroyed by fire, was then proceeded with, which is the case now before us. In the meantime it appears that Fewell assigned his interest in the suit for the loss of the building to the Bank of Pachuta, under section 496, Hemingway's Code (section 717, Code of 1906), and the suit progressed to trial in the name of the assignor, after the assignment had been filed with the papers in the instant case. The assignment was not acknowledged, as is required by the statute (section 498, Hemingway's Code; section 718, Code of 1906); nor was it filed with the papers in either case until after judgment and payment in the first case, No. 1043.

At the trial, the lower court sustained the plea of the appellee, railroad company, that recovery in the present suit was barred, because Fewell, the owner of all the property, had already recovered a judgment, in suit No. 1043, for the one cause of action for the loss of the contents of the building, and that the cause of action, to-wit, the negligent burning of the building and contents by the railroad company, could not be split, and when the appellant recovered in suit No. 1043 for the loss of the contents of the building, he being the owner of both the building and its contents, he should have claimed all of the elements of damage suffered by the one tortious act of the railroad company, and, having failed to do so, is

now barred from recovery in the instant case, and likewise his assignee. We think the judgment of the lower court is correct. *"Interest reipublicae ut sit finis litium."*

The one cause of action for damages on account of the burning of the building and its contents by the one wrongful act of the railroad company could not be split into two causes of action, one for one element of the damages, and the other for another element of the damages, all of which was caused by the one tort of the railroad company. This question is settled in the case of *Kimball v. L. & N. Railroad Co.*, 94 Miss. 396, 48 So. 230.

But the appellant contends that the rule against splitting causes of action does not apply in the case at bar, because the second suit, No. 1044, for the element of damage in the loss of the building, had been assigned to the Bank of Pachuta before trial, and the suit was proceeded with in the name of the assignor for the benefit of the assignee, and that, since the statute provides that "any chose in action or any interest therein" may be assigned, etc., it was permissible to assign to the Bank of Pachuta one element of damages in the cause of action, and that the recovery upon the other element—that is, the loss of the contents of the building—does not bar recovery in the suit for the loss of the building.

We think the position taken is unsound. The assignment of that element of damage, the loss of the building, to the Bank of Pachuta, cannot avoid the rule against the splitting of causes of action, for the reason that recovery by the injured party for one element of damage forecloses against the assignee all other elements of damage caused by the one tortious act of the railroad company, where notice of assignment is not given until after the recovery. If we concede that the assignment in this case was valid, not void because indefinite, and not void because not acknowledged as required by the statute, still it could avail nothing for the appellant, because it was

not an assignment of an undivided interest in the claim, but was an assignment of one of the elements of damage of the claim, and notice of the assignment was not given, nor filed in the case, until after settlement of the amount of the recovery in the other suit, No. 1043.

We do not understand the statute on assignments to mean that different elements of damage of a claim may be assigned to many different parties, and that they may file as many different suits as there are assignees, where all of the damage grows out of the one wrongful act giving the one cause of action; but, if the statute is susceptible of such a construction, still notice of the assignment must be given the defendant before judgment and settlement in the pending suit is made. Notice was lacking here. Where the injured party is the owner of all of the elements of damage claimed to be due on account of the tortious act, he will not be allowed to split the cause of action into as many parts as there may be different elements of damage recoverable, which might result in a dozen different suits; but he must proceed to litigate for all of the elements of damage due for the one act of negligence, otherwise he will be barred from recovery for those elements of damage not presented, and his assignee of an interest in the cause of action will likewise be barred, where there has been a recovery and settlement for one element of the damage before notice of such assignment, as is the case before us. *"Nemo debet bis vexari pro eadem causa."*

The judgment of the court below is affirmed.

*Affirmed.*