FARMER *v.* UNION INS. CO. OF INDIANA.*

(Division A. March 7, 1927.)

[111 So. 584. No. 26297.]

1. ACTION. *Injury to person and automobile struck by train constitutes single cause of action, and cannot ordinarily be split.*

    Injury resulting to person and to automobile when struck by train constitutes a single cause of action, and can only be split into more than one cause of action in exceptional cases for conserving ends of justice.

2. INSURANCE. *Insurer held released from liability on policy after insured released railroad from liability for injury to automobile.*

    When insured released railroad company from liability for injury to automobile, thereby destroying right of subrogation of insurer in accordance with conditions of policy, insurer was thereby released from liability thereon.

3. EVIDENCE. *Judicial records import unerring verity, and are conclusive as to existence, date, and legal consequences.*

    Judicial records, required by law to be kept, import unerring verity, and are conclusive evidence against all the world as to their existence, date, and legal consequences.

4. JUDGMENT. *If insured, in settling suit against railroad, intended to reserve right of action for insurer against railroad, judgment should so recite.*

    If insured, in settling with railroad for damages to person and automobile, intended to reserve right of action for insurer against railroad in accordance with subrogation provided in policy, judgment should have so recited.

---

*Corpus Juris-Cyc References: Actions 1CJ, p. 119, n. 27, 28; Evidence, 22CJ, p. 968, n. 89; Insurance, 33CJ, p. 43, n. 44 New; Judgments, 34CJ, p. 506, n. 59; p. 521, n. 52; p. 835. As to whether injury both to person and property at the same time as constituting more than one cause of action, see annotation in 50 L. R. A. 161; 36 L. R. A. (N. S.) 240; 51 L. R. A. (N. S.) 319; 1 R. C. L. 347; 1 R. C. L. Supp. 111; 5 R. C. L. Supp. 22. On right to subrogation of insurer as affected by release by insured of person causing loss, see 14 R. C. L. 1405; 3 R. C. L. Supp. 397.

Appeal from circuit court of Leflore county.

Hon. S. F. Davis, Judge.

Suit by J. H. Farmer against the Union Insurance Company of Indiana. Judgment of dismissal, and plaintiff appeals. Affirmed.

*Kimbrough, Tyson & Kimbrough,* for appellant.

I. The court erred in overruling the demurrer of plaintiff to the special plea of defendant for the reason that said plea did not allege that there was any right of recovery by said Farmer against the Yazoo & Mississippi Valley Railroad Company for the loss by fire of the automobile and did not allege that there was a liability on the part of that railroad company for such loss. That such an allegation is necessary would appear from 26 C. J. 459; *Parkhurst Davis Merc. Co.* v. *Merchants Underwriters,* 86 N. E. 1062.

II. The second assignment of error is to the effect that the court below erred in sustaining the demurrer of the appellee to the replication filed to its special plea by the appellant, J. H. Farmer.

Under the facts as stated in the replication, the defense of appellee insurance company interposed by its special plea, to the effect that its right of subrogation had been destroyed, was completely answered and was so entirely sufficient in law as should have rendered it impregnable to the demurrer which the lower court erroneously sustained. The replication stated facts that brought the case of appellant, Farmer, within the operation of that principle of law which is clearly established by all authorities and under which the right of subrogation of the insurer is left intact. 14 R. C. L. 1405, paragraph 568. A leading case enunciating this principle is that of *Connecticut Fire Ins. Co.* v. *Erie Ry. Co.,* 29 Am. Rep. 171. See, also, *Ins. Co. of North America* v. *Fidelity Title & Trust Co.,* 2 L. R. A. 586 (Penn., 1889); *Brown* v.

*Vermont Mut. Fire Ins. Co.,* 29 L. R. A. (N. S.) 698 and
note; notes to *Fire Ass'n* v. *Wells,* Ann. Cas. 1917-A 1298;
*Atchison R R. Co.* v. *Home Ins. Co.,* 53 Pac. 459.

The foregoing cases clearly establish the doctrine that
when in a settlement with a tort-feasor an insured re-
serves his right to proceed against an insurance company
in which he has a policy to cover part of the loss occa-
sioned by the tort-feasor, the right of subrogation in be-
half of the insurance company is not destroyed.

*R. C. McBee,* for appellee.

I.  *The demurrer to the special plea was properly over-
ruled.*  The special plea and the exhibits thereto show
conclusively that Farmer recovered a final judgment for
three thousand dollars against the railroad company for
personal injuries received in the same accident in which
his car was burned, "which judgment the said railroad
company thereafter satisfied and paid." Can Farmer
now sue and recover from the railroad company the
value of his car? We submit that he cannot. *Kimball* v.
*Railroad Co.,* 94 Miss. 396.

In this case the plaintiff split his cause of action. This
is not permissible. In an action of tort where one sus-
tains personal injuries and at the same time damages
to his property by the same tortious act, but one cause of
action is given. *Kimball* v. *L. & N. R. R. Co.,* 94 Miss.
396, 48 So. 230; *Home Ins. Co.* v. *Tate Merc. Co.,* 78 So.
709.

Not being able to recover against the railroad com-
pany, he cannot comply with the subrogation clause of
the policy of insurance. *Packham* v. *German Fire Ins.
Co.,* 91 Md. 515, 80 A. S. R. 461. This case is in harmony
with the view of this court and of the supreme court of
the United States. *Freed* v. *Am. Fire Ins. Co.,* 90 Miss.
72, 43 So. 947; *Home Ins. Co.* v. *Hartshorn,* 129 Miss. 282.

II.  *The demurrer to the replication was properly
sustained.*  The procedure had in this case is that re-

quired by law. *Lackey* v. *R. R. Co.,* 102 Miss. 339, 59 So. 97.; *Oliver* v. *Miles,* 110 So. 666.

The replication says that when this agreement was made between Farmer and the railroad company that Farmer stated his reasons for the conditions mentioned; that is, that he agreed to the entry of a judgment for three thousand dollars "only upon the express condition that his declaration be amended, as it was, so as to eliminate therefrom any claim against said railroad company for damages to his said automobile."

We say that Farmer cannot here plead any such conditional agreement, because he did not incorporate it anywhere in the proceedings in his case against the railroad company. He cannot plead that the judgment was a conditional one as long as the judgment is valid and outstanding, for the reason that on its face the judgment does not show any such conditional agreement whatsoever. To prove such an agreement would necessarily mean attacking the judgment collaterally. 34 C. J. 521 and 506; 22 C. J. 1077; *Clark* v. *State,* 100 Miss. 751, 57 So. 209; *Panola County* v. *Carrier,* 92 Miss. 148.

If Farmer had settled his claim with the railroad company and merely executed a release reserving in that release his right against the insurer, we would have had a different situation, but that is the very thing he did not do; hence, *Connecticut Fire Ins. Co.* v. *Erie Ry. Co.,* 29 Am. Rep. 171, and other cases cited, are not in point. *Brown* v. *Vermont Mut. Fire Ins. Co.,* 29 L. R. A. (N. S.) 698, is authority for the position we take here.

In the present case there was no release, nor are court proceedings in form contractual. The method used by Farmer and the railroad company to close their controversy was that of a formal court proceeding. They agreed to a judgment and had that judgment formally placed upon the minutes of the court. *Starling* v. *Sorrel, et al.,* 134 Miss. 782, 100 So. 10.

All the cases cited in appellant's brief in this case are based upon releases and none upon judgments. This

clearly appears in the excerpt in his brief from *Atchinson R. R. Co.* v. *Home Ins. Co.,* 53 Pac. 459.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a judgment sustaining a demurrer to a replication to a plea, and dismissing the suit.

The declaration is on an insurance policy issued by the appellee on an automobile owned by the appellant, which declaration alleges that the automobile was struck by a train of the Yazoo & Mississippi Valley Railroad Company while being driven across the tracks of the company by its owner, one of the results of which was that the automobile caught on fire and was so far consumed as to be a total loss. To this declaration, the appellee filed a special plea, alleging, in substance:

That the policy contained the following subrogation clause:

"And upon payment of any loss, damage, claim, or expense under this policy, the company shall be subrogated to the extent of such payment to all rights of recovery of assured against others for such loss, damage, claim, or expense, and the company shall be entitled, if it so desire, to institute, conduct, and prosecute, in the name of the assured, or in its own name, any claim of the assured for indemnity, damages, or otherwise against any third party."

That Farmer sustained personal injuries when his automobile was struck by the train and that he sued the railroad company for damages both to his person and to the automobile. While the suit was pending, Farmer amended his declaration so as to eliminate any claim for damages to the automobile, and an agreed judgment was then rendered in his favor against the railroad company for the sum of three thousand dollars, which he has collected, thereby releasing the railroad company from liability for the destruction of the automobile and rendering inopera-

tive the subrogation clause of the insurance policy, because of which the insurance company is relieved from liability on the policy.

A demurrer to this plea was overruled, and Farmer replied thereto that he agreed to the rendition of the judgment against the railroad company on condition that the declaration be so amended—"as to eliminate therefrom any claim against said railroad company for damages to his said automobile, stating as reasons for such condition that the amendment was desired for the reason that said plaintiff, J. H. Farmer, intended to hold the Union Insurance Company of Indiana liable for his loss through the damage by fire to his said automobile, under its policy of insurance sued on herein, and intended to proceed by suit against that insurance company to enforce collection of such amount as might be due him from said company."

A demurrer to this replication was sustained, and, upon Farmer's declining to plead further, the suit was dismissed.

The injury inflicted on Farmer's person and his automobile, when struck by the train, constitutes a single cause of action, and can only be split into more than one cause of action in exceptional cases necessary for conserving the ends of justice. *Kimball* v. *Railroad Co.*, 94 Miss. 396, 48 So. 230. Such an exceptional case was *Underwriters at Lloyd's Insurance Co.* v. *Vicksburg Traction Co.*, 106 Miss. 244, 63 So. 455, 51 L. R. A. (N. S.) 319. That case is similar to the one at bar in that an automobile, while being driven by its owner across the tracks of a traction company was struck by a car, resulting in injury to both the owner's person and to his automobile. It differs from the case at bar in this: There the owner of the automobile received from an insurance company which had issued a policy on the automobile, the amount of the damages thereto, and assigned his claim therefor against the traction company to the insurance company under a subrogation clause in the policy. Thereafter the

owner of the automobile recovered a judgment against the traction company for injuries to his person. The insurance company sued the traction company for the injury to the automobile, and this judgment in favor of the owner of the car for injury to his person was pleaded by the traction company in bar of the suit. Here the judgment against the railroad company was recovered and paid before the insurance company was called on to pay for the injury to the automobile, and when it had no interest therein except the right to be subrogated to the right of the owner of the automobile to recover from the railroad company for injury thereto in the event it should be called on to comply with its promise to the owner of the automobile to pay him therefor. Compare *Fewell* v. *New Orleans & Northeastern Railroad Co.,* 144 Miss. 319, 109 So. 853.

The promise of the insurance company to pay Farmer for injury to his automobile was conditioned on its becoming thereby subrogated to his right of action for damages against the person who inflicted the injury thereto; and, when he released the railroad company from liability for injury to the automobile, he destroyed the right of subrogation of the insurance company to his cause of action therefor, and thereby released it from liability on its promise to pay for injury to the automobile.

By his replication to the plea. Farmer sought to avoid this rule by alleging facts which, according to his contention, show that he did not release the railroad company from liability to be sued by the insurance company for injury to the automobile in the event it should pay therefor under the terms of its policy; and, in support thereof, he invokes the rule which is set forth in 14 R. C. L. 1405, par. 568, as follows:

"Where the insurer releases the wrongdoer, reserving in the release his rights against the insurer, the reservation necessarily includes the right of the insurer to

sue the wrongdoer; otherwise the reservation would be ineffective.''

Assuming that this is a correct statement of the rule, and that the facts alleged in the replication indicate that Farmer intended to reserve a right of action for the insurance company against the railroad company, the rule can have no application here, for the reason that the settlement made by Farmer with the railroad company was at the end of a lawsuit in which both the railroad's interest and his were fixed by a judgment to which the law attaches certain legal consequences, which cannot be restricted by parol in a collateral attack on the judgment, for ''judicial records required by law to be kept are said to import unerring verity, and to be conclusive evidence against all the world as to their existence, date, and legal consequences.'' *Jones* v. *Williams,* 62 Miss. 183; *Murrah* v. *State,* 51 Miss. 652; 34 C. J. 506, 521. Compare *McCraney* v. *New Orleans & N. E. Railroad Co.,* 128 Miss. 248, 90 So. 881, and the cases on which it is based, where the ground of the attack on the judgment was that its rendition was fraudulently procured. If Farmer intended to reserve a right of action against the railroad for injury to the automobile, the judgment should have so recited.

*Affirmed.*