McVay *v.* Castenara.*

(Division A. Oct. 29, 1928. Suggestion of Error Overruled Dec. 10, 1928.)

[119 So. 155. No. 27393.]

*Corpus Juris-Cyc References: Judgments, 34CJ, section 1245, p. 836, n. 85; section 1494, p. 1058, n. 84; Specific Performance, 36Cyc, p. 753, n. 19; As to power of equity to grant both specific performances of contract and damages, see 25 R. C. L. 374; 3 R. C. L. Supp. 1418; 6 R. C. L. Supp. 1468; 7 R. C. L. Supp. 842.

*Buntin & McIntosh,* for appellant.

*Gardner, Brown & Morse,* for appellee.

110

Argued orally by *R. R. Buntin,* for appellant.

Smith, C. J.   The appellee executed a written contract to convey to the appellant certain land, but afterwards declined to do so.   Appellant then filed a bill in equity for specific performance of the contract, and obtained a decree therefor.   No other relief was there sought.   After that case was disposed of, the appellant instituted this action at law to recover from the appellee damages which he claimed to have sustained because of the appellee's delay in conveying the land to him.   A demurrer by the appellee to the declaration was sustained, and from a judgment dismissing his suit, the appellant has brought the case to this court.

The appellant's case, as it appears from his declaration, is, in substance, as follows:   On November 5, 1925, a written agreement was entered into by the appellant and the appellee, by which the appellee agreed to sell, and the appellant to purchase, certain land; the deed therefor to be delivered by the appellee to the appellant on January 4th following.   The appellant wanted the land for the purpose of reselling it, and so informed the appellee, and had obtained a purchaser ready, willing, and able to buy, who had agreed, in writing, to take the land in event a deed thereto should be executed and delivered to him on the 1st day of February, 1926.   The price which the appellant's prospective purchaser agreed to pay for the land exceeded that which he paid the appellee therefor.   The appellee's delay in conveying the land to the appellant prevented the appellant from complying with his contract to sell the land, and this suit is for the recovery of the loss thereby alleged to have been sustained by the appellant.

The grounds of the demurrer are as follows:

"The declaration states no cause of action against the defendant."

"That the averments in the declaration show conclusively that the plaintiff has elected his remedy in that he filed a suit for specific performance of the contract, same being No. 8636 in the chancery court, Harrison county, Mississippi, and that said suit was prosecuted to a final conclusion, and that judgment was obtained in the supreme court in favor of W. A. McVay, and the property sued for was conveyed to him by order of court."

The second of these is the ground here argued. The question which the appellee really argues is not one arising out of the doctrine of election of remedies, for no such question here arises, but is that the appellant, having failed to include his claim for the damages here sought to be recovered in his suit in equity for specific performance of the appellee's contract, is now barred from maintaining an action therefor.

The appellant's contentions are: First, that the cause of action sued on in the equity case was separate and distinct from the one in the case at bar; and, second, if mistaken, that he did not know, when he instituted that suit, that the prospective purchaser would decline to take the land.

The appellant's complaint to the suit for specific performance, and here, is that the appellee breached his contract by which he agreed to convey the land to the appellant. When this breach occurred, the appellant could have pursued one of two courses: (1) Waive his right to specific performance and sue at law for the damages sustained by him because of the breach of the contract; or (2) sue in equity for specific performance of the contract, and if he claimed such, for the damages which he had sustained or would sustain because of the appellee's delay in conveying the land to him.

The equity court had full power, not only to specifically enforce the performance of the appellee's contract, but to award the appellant damages for the appellee's delay in performing it. *Thurman* v. *Pointer,* 67 Miss. 297, 7 So. 215.

"As a general rule, but one cause of action arises from the breach of a contract or agreement, and where an action is brought on a contract, all claims arising under the same, and then due, constitute an entire and indivisible cause of action, and a judgment therein is a bar to any further action founded on such claims." 34 C. J. 829.

That a cause of action may not be split and more than one suit filed thereon is settled by the cases of *Y. & M. V. R. Co.* v. *Payne*, 92 Miss. 126, 45 So. 705; *Kimball* v. *R. R. Co.*, 94 Miss. 396, 48 So. 230; *Home Ins. Co.* v. *Tate Mercantile Co.*, 117 Miss. 760, 78 So. 709; *Fewell* v. *N. O. & N. E. R. Co.*, 144 Miss. 319, 109 So. 853; *Farmer* v. *Union Ins. Co.*, 146 Miss. 600, 111 So. 584. That the former suit was in equity, and the one here at law, is of no consequence. *"Nemo debet bis vexari pro una et eadem causa."*

The rule applying to splitting a cause of action is one of practice merely, and is not without exception. *Underwriters' Ins. Co.* v. *Vicksburg Traction Co.*, 106 Miss. 244, 63 So. 455, 51 L. R. A. (N. S.) 319. One of these exceptions is that a former recovery does not bar claims of which the plaintiff was ignorant at the time of the institution of the former suit, provided the plaintiff's ignorance of the existence of the claim on which the second action was based did not result from negligence on his part. 1 C. J. 1109; 34 C. J. 836.

The declaration here does not disclose whether or not the appellant knew when he instituted his suit in equity that his prospective purchaser would decline to take the land. He should have an opportunity to plead such ignorance.

A former judgment between the same parties cannot be availed of as a bar to a second suit on the same cause of action by means of a demurrer, unless the declaration in the second cause of action sets forth all the elements necessary for the determination of that question. 34 C. J. 1055. If the appellee desires to rely on the decree in

the equity case as a bar to the appellant's right to recover here, he must plead it; in which event, the appellant may plead, by way of replication, his ignorance of the fact that his prospective purchaser would decline to take the land.

*Reversed and remanded.*