McVay *v.* Castanera.

(Division A. March 10, 1930. Suggestion of Error Overruled April 21, 1930.)

[126 So. 832. No. 28359.]

**Buntin & McIntosh**, of Gulfport, for appellant.

**Gardner, Brown & Backstrom**, of Gulfport, for appellee.

Argued orally by **R. R. Buntin,** for appellant, and by **Chas. S. Brown,** for appellee.

**Cook, J.,** delivered the opinion of the court.

The appellant, W. A. McVay, instituted this suit in the circuit court of Harrison county against the appellee, C. H. Castanera, seeking to recover damages alleged to have been sustained by reason of the failure of the appellee to comply with his contract to convey to appellant certain lands, thereby preventing the appellant from complying with his contract to resell the lands, resulting in the loss of the profits of such resale. This is the second appeal of this cause to this court, and in the opinion rendered on the former appeal, which is reported in 152 Miss. 106, 119 So. 155, the original pleadings and the facts upon which the cause is based are sufficiently stated, and it was there held that the appellee must plead the decree in a former suit for specific performance of the contract of sale, if he desired to rely upon the failure of the appellant to include in such suit his claim for the damages here sought to be recovered, and that in such event the appellant might plead, by way of replication,

his ignorance of the fact that his prospective purchaser would decline to take the lands.

Upon the remand of the cause to the court below, the pleadings were reformed in accordance with the directions of this court, thereby presenting, as agreed by counsel for both parties, the one question of whether or not the suit in equity for specific performance is res adjudicata of the case at bar, the solution of this question depending on the determination of one issue of fact, namely, whether or not the appellant knew at the time he filed his suit for specific performance that he would sustain the damage for which he now sues.

The record discloses that the appellee contracted to sell the property in question to the appellant for the sum of thirty-five thousand dollars and to convey the same to him by warranty deed on January 4, 1926, and the contract executed by these parties bore on its face evidence of the purpose and intention of the appellant to resell the property. The record further shows, without dispute, that the appellant contracted to sell this property for the sum of forty-five thousand dollars and to convey the same to the proposed purchaser on the 1st day of February, 1926, and that the proposed purchaser was ready, willing, and able to purchase the land and property in accordance with the terms of his contract so to do. The contract between the appellant and his proposed purchaser provided that it should be null and void if the deed was not delivered on or before February 1, 1926, and consequently the said proposed purchaser was not obligated to take the property after the appellant was, on account of the default of the appellee, unable to deliver a deed on the date fixed in the contract; still the proof shows, without conflict, that, after the 1st of February, 1926, and before the filing of the suit for specific performance on February 4, 1926, the appellant conferred with his proposed purchaser in regard thereto, and such purchaser agreed to take the property at the

price and upon the terms named in his written contract of purchase, provided the appellant could secure title thereto and convey the same within a reasonable time thereafter, and that the proposed purchaser suggested and advised the suit for specific performance as a probable means of acquiring title within a reasonable time.

However, the suit for specific performance was contested in the trial court, and thereafter it was appealed to this court by the appellee in the present cause, and about fifteen months elapsed between the filing of the suit and the final decision thereof in this court and the conveyance of the property to the appellant under the order of the court.. After the lapse of this long period of time, on account of changed conditions and depression in the value of real estate, the appellant's proposed purchaser declined to accept the property, thereby causing the loss and damage for which the appellant now sues. We find nothing in the record, however, to contradict the testimony of the appellant and his proposed purchaser that, at the time of the appellee's default, and for a reasonable time thereafter, the said proposed purchaser was ready, willing, and able to purchase the property at the price and upon the terms named in the original contract of resale, and nothing to dispute the positive testimony that, when the appellant filed the suit for specific performance, he had no knowledge of the fact that he would sustain the damage here sued for. The proper measure of appellant's damages was the difference between the amount which he was obligated to pay for the property and the amount for which he had contracted to sell it, which in this case was ten thousand dollars, and at the conclusion of the testimony he requested the court to peremptorily instruct the jury to return a verdict in his favor for ten thousand dollars, with interest at six per cent per annum from February 1, 1926.

We are of the opinion, upon the proof in this record, that this instruction should have been granted, and there-

fore the judgment of the court below will be reversed, and judgment will be entered here in favor of the appellant for the sum of ten thousand dollars, with interest at the rate of six per cent per annum from February 1, 1926.

Reversed, and judgment for appellant.