WALLER, Chief Justice,
Concurring in Part and in Result:
¶ 14. For the following reasons, I respectfully concur in part and in result with the majority opinion.
¶ 15. First of all, the trial court had no jurisdiction to adjudicate Crawford Logging’s motion for summary judgment, because the underlying complaint was amended and filed after the case already had been dismissed with prejudice.
¶ 16. And to the extent, if any,[9] that the plaintiffs’ amended complaint could be treated as an original action against only Crawford, the plaintiffs have no viable claim against it. As the majority aptly points out, if Thomas and H.T. Trucking were an “employee” of Crawford Logging, then the settlement agreement released Crawford from liability, under J & J Timber Co. v. Broome, 932 So.2d 1, 6-7 (Miss. 2006). And if Thomas was not an employee of Crawford — but an independent contractor, as Crawford argues — then Crawford still could have been released by the settlement contract if Crawford was in “privity of interest” with Thomas, whatever that means. And finally, to the extent that Thomas was an independent contractor for Crawford, but was not in “privity of interest” therewith, Crawford was not released by the contract, but Thomas’s independent-contractor status defeated re-spondeat superior and vicarious liability, anyway. See Chisolm v. Miss. Dep’t of Transp., 942 So.2d 136, 141 (Miss.2006) (as a general rule, an independent contractor’s principal is not vicariously liable for torts committed by the independent contractor); McLemore v. Miss. Transp. Comm’n, 992 So.2d 1107, 1113 n. 4 (Miss.2008) (Waller, P.J., dissenting) (citing Chisolm, 942 So.2d at 141).
*692 ¶ 17. No matter which way you slice it, the plaintiffs have no viable claim against Crawford, and the trial court erred by denying Crawford’s summary-judgment motion. Therefore, I concur in the result reached by the majority.
DICKINSON, RANDOLPH AND LAMAR, JJ., JOIN THIS OPINION.

. See Wilner v. White, 929 So.2d 315, 320 (Miss.2006) (reaffirming long-standing princi-pie of law in Mississippi prohibiting a party from splitting cause of action into two different actions) (citing Kimball v. Louisville and Nat'l R.R. Co., 94 Miss. 396, 48 So. 230 (1909); Harrison v. Chandler-Sampson Ins., Inc., 891 So.2d 224, 234 (Miss.2005); Alexander v. Elzie, 621 So.2d 909, 910 (Miss.1992)).